MURRAY v. BROOKS ET AL.

| 41 | 45 |
|----|----|
| 105 | 467 |
| 41 | 45 |
| 129 | 421 |

1. **Warranty**: EVIDENCE. In an action upon a parol warranty, evidence that the sale was upon a written or printed contract of warranty was held incompetent.

2. **Principal and Agent**: POWERS OF AGENT. A general agent for the sale of reapers is presumed to be invested with the power to warrant them, and such authority, nothing appearing to the contrary, is not restricted to warranties in writing.

3. **Sale of Personal Property**: CUSTOM. In the sale of chattels, the vendee will not be bound by a custom of the vendor without proof that he had notice of such custom.

4. **Evidence**: WARRANTY. In an action upon a contract of warranty for the sale of a reaper, defendant offered to prove that sixty similar machines, sold in the same vicinity, had given satisfaction: *Held*, incompetent.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, JUNE 18.

ACTION upon a verbal contract of warranty of a reaper purchased by plaintiff of defendants. The petition sets out the contract and breaches thereof. The answer admits the sale of the reaper by defendants to plaintiff, and sets out its terms,

but denies the contract sued on. There was a verdict and judgment for plaintiff. Defendants appeal.

*G. L. Faust* and *E. E. Cooley*, for appellants.

*C. P. Brown*, for appellee.

BECK, J.—The questions presented for our determination will be disposed of in the order we find them discussed in the argument of appellants' counsel.

I.   There was evidence tending to prove that the machine was warranted to plaintiff by a printed contract signed by one

1. WARRANTY: evidence.

Jacobs, the agent of the manufacturer, W. A. Wood. Defendants sold the machine to plaintiff, and notes for its purchase were executed to them. The court directed the jury that "with the evidence in regard to this printed warranty you have nothing to do, except for the purpose of enabling you to determine whether or not there was a parol warranty." The instruction is correct. The warranty referred to was not involved in the suit, and its existence and terms in no manner affected the rights of the parties to this action.

Counsel for appellants insist that the printed contract should have been considered by the jury to determine whether plaintiff relied upon the parol warranty sued on in this action. But this was not a question before the jury. Parties to contracts are always presumed to rely upon them, and it cannot be urged to excuse their non-performance that the obligee does not expect the obligor would perform his covenants. Representations in the sale of property, if not relied upon, will not support an action; but this rule does not extend to contracts of warranty. This view also disposes of an objection made to another instruction given, the seventh.

II.   The sale of the machine was made to plaintiff by an

2. PRINCIPAL and agent: powers of agent.

agent of defendants. The defendants offered to prove that the agent's authority was restricted to making warranties in writing. The evidence was rejected.

The agent was empowered to make sales of machines; his

Murray v. Brooks.

authority was not restricted to a transaction with plaintiff. He must be regarded as a general agent and empowered to make contracts, warranting the machines sold by him. See Story on Agency, §§. 132, 127, 59, and authorities cited in notes. It was not proposed to show that plaintiff had notice of the restriction upon the agent's authority. The evidence unaccompanied by proof of that fact was not competent.

III. It was proposed by defendants to prove that it was not the custom of defendants and their agents to give warranties upon machines sold by them. The evidence was rightly rejected, if for no other reason, on the ground that it was not accompanied with an offer to prove that plaintiff had notice of such custom.

3. SALE of personal property: custom.

IV. Defendants also offered to prove " that they had sold the same season sixty machines of the same kind in plaintiff's neighborhood and all had worked well—that they had answered the warranty." The evidence was incompetent and the court rightly rejected it. Sixty machines of the same pattern and manufacture may have been well constructed, but this does not tend to prove that the one sold plaintiff was not defective.

4. EVIDENCE: warranty.

V. The notes given for the machine were offered in evidence to show that the contract of sale and warranty was embodied in them, and that, therefore, plaintiff cannot recover upon the verbal contract of warranty. The conditions in the notes have no reference to any contract of sale and warranty, and nothing pertaining thereto appears in them. The conditions are such as to authorize the defendants to take possession of the machine as security, etc., etc. For this reason the notes were not competent evidence for the purpose for which they were offered.

The foregoing discussion disposes of all questions presented by counsel. The judgment of the Circuit Court must be

AFFIRMED.