OSBORNE & CO. v. SIMMERSON.

73  509
101  93

1. **Sale of Machine**: ACTION FOR PRICE: EVIDENCE: HOW OTHER MACHINES WORKED. In an action for the price of a harvester, where the defense was that the machine did not do good work, and where the question in dispute was whether it had had a fair trial, a witness who was an expert in operating plaintiff's machines was asked how other machines, made like the one sold defendant, worked. *Held* that the question was properly excluded as introducing an issue not presented by the pleadings.

2. ———: ———: ———: CAPABILITY OF DOING GOOD WORK. In such case the same witness was asked as follows: "State whether or not the machine sold to defendant,—the one you examined at his place,—could have been made to do good work." *Held* that it was properly excluded, because he might have answered in the affirmative, meaning that it could have been made to do good work *under favorable circumstances,* which was not all that the defendant contracted for.

3. ———: ———: ORDER NOT SIGNED BY DEFENDANT: INSTRUCTION. In such case plaintiff offered in evidence a writing which it claimed to be the contract on which the machine was sold, but it was not signed by the defendant, and as to this the court instructed as follows: "The unsigned contract offered in evidence * * * cannot be regarded as the contract of the defendant, upon which the plaintiff can recover as on a written contract signed by him. * * * It, at the most, can only be considered as a part of the transaction at the time of the negotiation and agreement between the parties. If said paper was read over to the defendant accurately and fully, and fairly

understood   *    *    * by him, and he assented and agreed to the terms therein stated,   *    *    * he is bound by said terms, and his liability will be determined accordingly." *Held* that, though the first sentence of the instruction was objectionable, the whole paragraph taken together was without prejudicial error.

*Appeal from Wright District Court*—Hon. H. C. Hender-son, Judge.

Friday, December 16.

Action for the purchase-price of a harvesting machine which plaintiff claims to have sold to defendant. Defendant admits that he received the machine, but alleges that it was delivered to him upon the understanding that if, upon a fair trial, it worked as represented by plaintiff's agent, he would keep it, and pay the purchase-price, otherwise he was not to keep. it or pay for it; and that, upon a trial, it did not work as represented. The verdict and judgment were for defendant, and plaintiff appeals.

*Nagle & Birdsall*, for appellant.

*A. R. Ladd*, for appellee.

Seevers, J.—The verdict must be regarded as determining in defendant's favor the controversy between the parties as to the agreement or understanding on which he received the machine, which was that he was to give it a fair trial, and, if it worked as represented by the agent, he would keep it, and pay the price agreed upon. He did give it a trial by harvesting ten acres of barley with it. He then notified the agent, from whom he received it, that it did not work satisfactorily, and requested him to telegraph plaintiff to send a man to put it in order, which was done; but, when the man sent by plaintiff went to his place, defendant refused to assist him to make any further trial of the machine, or to permit his team to be hitched to it that the agent might test it, but declared he would not keep it, and the agent did nothing to it. The evidence tended to show that the barley

harvested by defendant with the machine was foul, and the ground upon which it grew was wet and soft; and the question arose whether the trial afforded a fair test of the quality and working capacity of the machine. This was a controverted question on the trial. A witness, who was familiar with the workings of the Osborne machine of 1883, like the one sold the defendant, and who was an expert in operating them, was asked the following questions by the counsel for the plaintiff: " State how other machines made by the plaintiff's company in 1883, like the machine sold Simmerson, worked,—whether good or bad." " State whether or not the machine sold the defendant—the one you examined at his place—could have been made to do good work." These questions were objected to, and the objection sustained, and such ruling is assigned as error.

I. As to the first question, counsel contended that it was competent to show how other machines, like the one in ques-

1. SALE of machine: action for price: evidence: how other machines worked. tion, work. Conceding it to be established that other machines worked well, then the deduction therefrom could be drawn that the machine in question had not been fairly tried. The material question was not whether the machine was a good one or not, and it was immaterial whether it was properly constructed, but the question was whether it had had a fair trial. Therefore, how other machines like this one worked was a collateral matter, and the evidence, if admitted, would have introduced into the case an issue not presented in the pleadings, and which the defendant could not have anticipated; and that is, whether the other machines were in fact like the one in question. If this had been conceded, then it might be said that the question was whether the machine was like a model, or in principle it would have been the same as where there has been a sale of goods by sample. In such case, it is clearly competent to compare and test the goods by the sample, or the machine by the model. (*Tilton v. Miller*, 66 Pa. St., 388.) The question in this case is materially different. The right of the defend-

ant to show that the other machines were not like the one in question cannot be doubted, and this is clearly a collateral matter. (1 Greenl. Ev., § 352.) This question was determined, as we think, adversely to the plaintiff in *McCormick Harvesting Co. v. Gray,* 100 Ind., 285. The subsequent case, cited by counsel for plaintiff, of *National Bank & Loan Co. v. Dunn,* 106 Ind., 110; S. C. 6 N. E. Rep., 131., is clearly distinguishable, and this fact is recognized by the supreme court of Indiana. The other cases cited by counsel for the appellant are not applicable.

II.   As to the second question, we deem it sufficient to say that the ruling of the court is correct, conceding that the inquiry was one in relation to which the evidence of an expert was competent, for the reason that the trials of the other machines were not made under similar circumstances; that is to say, this qualification or limitation was omitted from the question asked. It may be that this machine could be made to do good work under favorable circumstances; but this was not what the defendant contracted for. The question asked, however, was so broad that the witness could well have answered that in his opinion the machine could have been made to work, and the test in his mind would have been under favorable circumstances.

2. ——: ——: capability of doing good work.

III.   The plaintiff offered in evidence a writing which it claimed was the contract actually entered into between the parties. It, however, was not signed by the defendant, and in relation thereto the court instructed the jury as follows: "The unsigned contract offered in evidence * * * cannot be regarded as the contract of the defendant, upon which the plaintiff can recover as upon a written contract signed by him. * * * It at the most can only be considered as a part of the transaction at the time of the negotiation and agreement between the parties. If said paper was read over to the defendant accurately and fully, and fairly understood * * *

3. ——: ——: order not signed by defendant: instruction.

by him, and he assented and agreed to the terms therein stated, * * * he is bound by said terms, and his liability will be determined accordingly." The first sentence of this instruction is objected to, but prejudicial error cannot ordinarily be based on a single sentence in an instruction consisting of several sentences, all bearing on the same question. The whole instruction must be read, in order to determine its meaning. Doing this, it seems to us the instruction is correct and just to both parties.

The fourth, fifth, sixth and seventh instructions are objected to by counsel. To set them out would require considerable space, and we deem it sufficient to say that they, and all the instructions given, are correct, and fairly state the several propositions of law pertinent to the case. The instructions given cover the whole ground, and therefore the instructions asked were correctly refused.

We cannot interfere with the verdict on the ground that it is not sustained by the evidence.        AFFIRMED.