# Byrne v. Elfreth, Appellant.

*Contract—Breach of warranty—Evidence—Measure of damages.*

1. In an action to recover back money paid for a water filter purchased under a warranty that it would give clear and sparkling water, the defendant will not be permitted to show that other filters furnished to them by other persons did good service.

2. Where there has been a breach of a warranty of goods sold, the purchaser may retain the goods warranted, sue in affirmance of the contract and recover as damages the difference between the value of the goods if they had been as warranted and as they actually were on delivery, but he is not bound to do so. He may return or offer to return the goods and sue in rescission of the contract, in which case the measure of his damages is the amount of the purchase money paid.

*Evidence—Parol evidence—Contract—Confirmation of phone order.*

3. Where a letter from a purchaser of a filter to the seller states that the letter is to confirm phone orders of a previous date, and requests delivery of the filter at a particular place "as per your quotation of the 17th," parol evidence is admissible to show the price quoted over the phone, but not set forth in the letter.

Argued Oct. 13, 1909. Appeal, No. 160, Oct. T., 1909, by defendants, from judgment of C. P. No. 5, Phila. Co., June T., 1905, No. 2,553, on verdict for plaintiff in case of John J. Byrne v. Jacob R. Elfreth and Churchill Hungerford, trading as The Philadelphia Water Purification Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for breach of warranty for sale of a water filter.

On December 17, 1903, plaintiff and defendants had a conversation over the telephone relating to the purchase of a filter. On December 22, plaintiff ordered a twenty-four-inch filter. This order was as follows:

"Please deliver one of your 24″ pressure water filters to Strawbridge & Clothier store rear of 825 Market street, as per your quotation of the 17th instant. Bill to undersigned. To confirm 'phone order.

"Yours truly,

"JOHN J. BYRNE."

The filter was delivered January 9, 1904, set up and used, and on May 2, 1904, was paid for by the plaintiff.

At the trial the plaintiff was asked this question:

"Q. Prior to writing your letter of December 22, and after your letter of December 17, did you have any conversation with any of the defendants in this case? A. I had; yes, sir. Q. What were the conversations which you had with the defendants or either of them in reference to the purpose of this filter between the 17th of December and the 22d of December when you ordered the filter?"

Objected to. Objection overruled. Exception for defendants. [1]

"A. Mr. Hungerford called at my place. Q. On what date? A. At my request, I think it was about the eighteenth day I received their estimate."

The Court: "Q. He called on the eighteenth? A. About the eighteenth at my request, I telephoned him so as to come there. Q. Come down to the conversation? A. I had a conversation with him in relation to the filter. Q. What did you say and what did he say? A. He said he would furnish a sand filter that would—if I would give the order for that filter to them, he would furnish me with a sand filter that would give clear and sparkling water. Q. What was said by Mr. Elfreth?"

Objected to. Objection overruled. Exception for defendants. [2]

"Q. What was said by Mr. Elfreth? A. Mr. Elfreth said that he would guarantee the filter that should anything happen to it—that is of course—he said he guaranteed——"

The Court: "Q. You were asked what was said at this time? A. He said he would guarantee the filter to give clear and sparkling water at all times."

Mr. Saul: "Q. He said that again at the time the money was paid? A. Yes, sir."

Jacob R. Elfreth was asked this question:

"Q. Where have you put in filters in the city of Philadelphia?"

Objected to.

Mr. Gorman: "I offer to prove by this witness that there

are precisely similar filters of the same construction erected in Philadelphia and elsewhere. That these are at the Bingham House, St. James Hotel, Hotel Walton, Dooner's Hotel and the P. J. Walsh Estate, to be followed by testimony of the engineers of the places named that said filters are working properly and giving clear and sparkling water wherever they are attended to.

Objected to. Objection sustained. Exception for defendants. [3]

Mr. Gorman: I offer to prove by the engineers of the Bingham House, St. James Hotel, Hotel Walton, Dooner's Hotel and the P. J. Walsh Estate that the filters erected at these places are giving entire satisfaction, following the offer heretofore made, to prove that by Mr. Elfreth.

Objected to. Objection sustained. Exception for defendants. [4]

Verdict and judgment for plaintiff for $404.55. Defendants appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions; (5) in refusing binding instructions for defendants; (6) in refusing motion for judgment n. o. v.; (7) in making absolute plaintiff's rule to amend statement of claim.

*John F. Gorman,* with him *Arthur G. Dickson,* for appellants.—There is good authority for the proposition that if the contract of sale is in writing and contains no warranty, parol evidence is not admissible to add a warranty: Van Ostrand v. Reed, 1 Wend. 424; Lamb v. Crafts, 53 Mass. 353; Dean v. Mason, 4 Conn. 428, 432; Reed v. Wood, 9 Vt. 285.

The warranty must be upon the sale, and any subsequent or collateral contract of warranty must arise from an express promise to warrant and that upon a new consideration distinct from that of the sale itself: Hogins v. Plympton, 28 Mass. 97; Summers v. Vaughan, 35 Ind. 323; Joseph v. Richardson, 2 Pa. Superior Ct. 208.

Evidence as to the other filters should have been received: Vietti v. Nesbitt, 22 Nev. 390 (41 Pac. Repr. 151); Baber v.

Rickart, 52 Ind. 594; Ames v. Quimby, 106 U. S. 342 (1 Sup. Ct. Repr. 116); Com. v. Goodman, 97 Mass. 117; Jupitz v. People, 34 Ill. 516; Lotz v. Scott, 103 Ind. 155 (2 N. E. Repr. 560); Evans v. Keystone Gas Co., 148 N. Y. 112 (42 N. E. Repr. 513); 30 L. R. A. 651; Sabine v. Johnson, 35 Wis. 185.

*Maurice Bower Saul,* with him *John G. Johnson,* for appellee.—Where parties have made a verbal contract partially reducing it to writing and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence, consistent with the written instrument, is admissible to show the full agreement: Schwab v. Ginkinger, 181 Pa. 8; Selig v. Rehfuss, 195 Pa. 200; Holt v. Pie, 120 Pa. 425; Way v. Martin, 140 Pa. 499.

The contract with the plaintiff was clear and precise; the filter was warranted to give clear and sparkling water, and the jury were limited in their inquiry to the character of the water furnished by the filter in question: Shelly v. R. R. Co., 211 Pa. 160; Jewell Filter Co. v. Kirk, 65 N. E. Repr. 698; Erie Ry. Co. v. Decker, 78 Pa. 293.

Opinion by Head, J., March 3, 1910:

The argument of the learned counsel for appellants, in support of the first assignment of error, rests on these propositions: that the agreement of the parties concerning the sale and purchase of the filter was in writing; that there was neither averment nor proof that any material part of that agreement had been omitted from the writing by fraud, accident or mistake; that in such cases the law conclusively presumes that all earlier representations, proposals, etc., are merged in the writing; that the latter contained no warranty by the seller and therefore it was error to admit the evidence complained of to prove that such warranty had been made in parol. Had we, in this record, a written agreement of the character contemplated by the many decisions cited to sustain the conclusion thus reached, the correctness of the conclusion would be conceded.

When, however, we turn to the record and examine the

writing referred to, we at once discover that it does not even purport to be the complete agreement of the parties. Indeed, it declares in terms that it was not the original order for the filter, but that such order had been previously given in parol over the telephone, and that the letter was merely confirmatory of the prior parol order. We quote it in full:

"Please deliver one of your 24″ pressure water filters to Strawbridge & Clothier store, rear of 825 Market Street, as per your quotation of the 17th inst. Bill to undersigned to confirm phone order."

To determine what price was to be paid it is plain that resort must be had to the previous negotiations. It was not intended that this brief memorandum was to change the earlier "phone order" or to be a substitute for it, but simply to confirm it according to common commercial usage and provide record evidence that such a parol order had been given. The cases of Holt v. Pie, 120 Pa. 425, and Selig v. Rehfuss, 195 Pa. 200, are so similar in facts and so identical in principle with the one before us that when we apply to it the doctrine enunciated in those cases, there seems to be no room for any other conclusion than that the learned trial court was right in receiving the evidence complained of in the first assignment, which is accordingly overruled.

The existence of the warranty relied on by the plaintiff does not depend on his evidence that it was again made when he paid for the filter some time after it was installed. Such evidence might be properly received as corroborative of that previously offered tending to prove a warranty at or preceding the sale. When, however, the defendants voluntarily went upon the stand and unequivocally admitted they had "guaranteed the filter would give clear and sparkling water," the evidence offered by the plaintiff in corroboration of his like assertion was rendered unimportant, and the warranty became an established fact in the case.

To concede then the soundness of the general proposition relied on by the appellant, viz.: "A warranty must be upon the sale, and any subsequent or collateral contract of warranty must arise from an express promise to warrant, and

that upon a new consideration distinct from that of the sale itself," does not convict the learned court of error. When the learned court came to charge the jury he was clearly correct in stating, as the result of the evidence, "that much is undisputed, so that under that agreement, before the plaintiff was obliged to pay for the filter, it must have been one that gave clear sparkling water—of course properly handled and properly managed." The second assignment therefore cannot be sustained.

The real defense, as shown by the testimony of the defendants themselves, was not to deny the making of the warranty set up by the plaintiff, but to maintain that the filter did in fact meet every demand of the warranty, and that bad results, if there were any, were to be attributed, not to the filter furnished by the defendants, but to the tank or system of circulating pipes in connection with which it was used. It was perfectly proper for them to make out as far as they could such a defense, but the verdict of the jury has determined that their efforts in this respect were unavailing.

The issue then being whether or not this particular filter was up to the standard of the warranty, how could it be pertinent for the defendants to prove, as they undertook to do, that other filters furnished by them to other persons did good service. Their efforts to prove this were rejected by the learned trial court and this ruling is the subject of the third and fourth assignments of error. It seems clear to us that the admission of such testimony would not only have raised issues entirely collateral to the subject under investigation, but that it could not in the nature of things have tended to make out a defense. If because the defendants had made and sold one or two or a dozen mechanically perfect filters, it necessarily followed that every other one they made was perfect, the evidence might have been relevant, but as no such conclusion necessarily followed from the fact that they had furnished good filters to other people, it seems reasonably clear that this evidence was properly rejected. The third and fourth assignments must therefore be dismissed.

Argument is advanced in the printed brief to show that

even if the plaintiff was entitled to recover for a breach of
the warranty, the measure of damages adopted by the learned
trial court was wrong. It is elementary in such a case that
the plaintiff may retain the goods warranted, sue in affirmance
of the contract, and recover as damages the difference be-
tween the value of the goods if they had been as warranted
and as they actually were on delivery, but he is not bound
to do so. He may return or offer to return the goods and
sue in rescission of the contract, in which case the measure
of his damages is the amount of the purchase money paid.
The latter course was adopted in the present case. It appears ·
by the record, however, that the action of the court in this
respect has not been assigned for error, and we need not con-
sider this question further.

From what has been said it must be apparent that there
was a question of fact to be submitted to the jury, and there-
fore the learned trial court could not have properly affirmed
the defendants' point for binding instructions, nor could it
have entered judgment non obstante veredicto, unless we can
conclude that the court committed reversible error in making ·
absolute the plaintiff's rule to amend his statement of claim,
and this action of the court constitutes the seventh and re-
maining assignment of error. In the original statement filed
the plaintiff claimed to recover the sum of money he had paid
to the defendants for the filter on the theory "that said de-
fendants stated verbally to the plaintiff that the filter would
give clear and sparkling water. Said representations were
made at the time the contract was entered into between the
plaintiff and the defendants, and without said representations
the plaintiff would not have entered into said contract for
the filter." We can see nothing in the amendment offered
and allowed to be made which could fairly be said to have
changed the cause of action originally sued on. The allowance
of it was therefore within the discretion of the trial court,
and it has not been made to appear that there was any abuse
of this discretion.

Judgment affirmed.