### 8069

### HAND v. CATAWBA POWER CO.

1. EVIDENCE.—NONEXPERT witnesses who have known and observed a water power, creek and surrounding country for years and the effect of freshets may be allowed to give their opinion as to the effect of a dam below on a water power above.

2. IBID.—IBID.—Similar evidence as to similar creeks emptying into the same river below the dam is not admissible.

3. WATERS—DAMS.—A lower riparian owner may injure an upper owner by so constructing his dam as that the backwater might cause the sand to be deposited in the stream between the upper and lower line of the upper owner, although the backwater does not reach the lower line of the upper owner.

4. IBID.—CHARGE.—Where there is evidence to the effect that the backwater did not come nearer plaintiff's dam than two miles, but on account thereof sand was deposited in the creek and the bed raised so as to destroy his water power, the instruction that if plaintiff was injured by water backed to and upon his water power, and the consequent deposition of sand in the creek, defendant would be liable, is irrelevant or immaterial.

Before ERNEST MOORE, special Judge, York, November, 1910. Affirmed.

Action by A. S. Hand against Catawba Power Co. Defendant appeals.

*Messrs. Osborne, Lucas & Cocke, Witherspoon & Spencers* and *J. E. McDonald,* for appellant.

*Messrs. Osborne, Lucas & Cocke* cite: *Expert evidence on the fact in issue should not be admitted:* 16 Pac. 808; 32 N. E. 527; 16 N. Y. Supp. 656; 26 Eng. Com. L. 63; 12 Ency. 434. *Nor on cause and effect:* 22 S. C. 557; 36 S. C. 471; 40 S. C. 328; 65 S. C. 421; 67 S. C. 347, 419; 68 S. C. 55; 67 S. C. 181; 73 S. C. 9; 74 S. C. 102, 232; 79 S. C. 151, 250, 297; 80 S. C. 352; 81 S. C. 193; 82 S. C. 388; 84 S. C. 62; 115 N. W. 541; 17 At.

1126; 28 Pac. 966; 77 Pac. 347; 92 N. W. 622; 60 Pac. 718; 65 S. E. 920; 76 N. E. 967; 52 Pac. 871; 66 At. 340; 56 N. E. 451; 113 S. W. 689; 45 So. 686; 102 N. W. 941; 103 S. W. 48; 104 S. W. 399; 7 Pac. 723; 133 S. W. 818; 132 S. W. 732; 72. Pac. 771; 33 So. 482; 54 N. E. 724; 52 S. W. 183; 71 S. W. 707; 49 Pac. 646; 83 S. W. 56; 107 N. W. 20; 79 Pac. 652; 42 N. E. 815; 110 N. W. 731; 91 N. W. 135; 16 S. E. 843; 66 S. E. 855, 240; 56 S. E. 739; 40 S. E. 239; 24 Wend. 668; 88 Fed. 243; 32 N. E. 732; Jones on Ev., sec. 359; Green Ev. 550. *Upon issue of cause and effect other similar cases may be shown:* Jones on Ev., secs. 135, 138, 139; 17 Cyc. L. & P. 288-9; 11 Ency. Ev. 819-20-24; 64 S. E. 489; 59 S. E. 94; 72 S. C. 244; 2 N. E. 560; 93 N. W. 1021; 39 At. 1007; 113 S. W. 627; 78 N. Y. 90; 34 Pac. 216; 94 N. W. 554; 58 S. E. 614; 81 S. W. 536; 82 N. W. 996; 54 S. E. 148; 32 At. 250; 11 Pick. 161; 42 Pac. 565; 87 N. W. 826; 107 N. W. 621; 77 N. W. 272; 58 N. E. 868; 26 Eng. Com. L. 63; 127 Mass. 522; 57 S. C. 445. *Plaintiff must show the injury was caused by the dam:* 8 Ency. 716; 16 N. Y. Supp. 654; 24 Grant Ch. 1; 71 Mo. App. 540; 14 Tex. Civ. App. 435; 65 Fed. 584; 81 S. W. 536; 8 Ency. 579; 2 Farn. on Wat. & W. R., sec. 597; Gould on W., sec. 211c; 54 Ga. 84; 66 Ga. 71; Moore on Facts, secs. 24, 35; 21 Ency. 516; 48 S. E. 508; 17 Cyc. 820; 18 At. 969; 51 S. E. 851; 81 S. C. 24; 73 At. 965; 17 At. 426; 75 Pac. 691; 53 So. 850. *Defendant's right at common law to back water:* 76 S. C. 320; 60 S. C. 254; 62 S. E. 399; 8 Ency. 700; 2 Allen 355; 38 N. W. 278; 23 Am. D. 102; 2 Famh., secs. 454a, 570; Gould on W., sec. 366; 2 Dougl. 745; 1 Ming. 549; 4 W. Eq. 322; 5 Metc. 429; Angell on W., sec. 95; 8 Ency. 695, 550; Joyce on Nuisances, secs. 29-33; 17 S. C. 129; 26 S. C. 480. *Inapplicable instruction should not be given:* 11 Ency. P. & P. 170; 11 Cyc. P. & P. 175-7; 15 S. C. 93; 55 S. C. 247; 66 S. C. 18; 70 S. C. 211. *Charge as to weight*

*of expert evidence is on the facts:* 8 Ency. P. & P. 774, 780; 5 S. C. 65; 64 S. E. 1012.

*Messrs. Witherspoon & Spencers* cite: *Nonexpert evidence that defendant's dam caused the injury should not have been admitted:* 17 Cyc. 26, 27, 30, 34-5-7, 40-1, 199, 45, 62-3, 99, 209-10, 60; 103 Va. 105; 158 U. S. 334; 32 S. C. 129; 33 S. C. 427; 45 S. C. 1; 59 S. C. 311; 62 S. C. 292; 73 S. C. 557; 15 S. C. 403; 20 S. C. 441; 44 S. C. 168; 1 McM. 56; 5 S. C. Strob. 177; 56 N. H. 227; 38 S. C. 213; 40 S. C. 328; 58 S. C. 350; 63 S. C. 559; 32 S. C. 400; 17 Conn. 255; 80 Ind. 379; 83 Ind. 569; 28 Pac. 105; 23 S. W. 546; 64 Tex. 503; 34 S. C. 37; 31 S. C. 233. *Reasonable use:* 42 S. C. 409; 84 S. C. 402.

*Messrs. Thos. F. McDow* and *J. H. Marion,* contra. *Mr. McDow* cites: *Opinion evidence as to cause of injury by nonexperts was properly admitted:* 2 Suth. on Dam. 1203; 3 Wig. 2524; 17 Cyc. 34-5, 86, 99, 100; *Bates* v. *Sharon,* 45 Vt.; *Chemical Co.* v. *Kirven,* 57 S. C. Wig. Pocket Code, Ev. 332, 324; 26 L. R. A. (N. S.) 1206; 17 Conn. 255; 19 Am. R. 401; 82 S. C. 396; 1 McM. 57; *Jones & Fuller,* 19 S. C.; *Ward* v. *Ry.,* 19 S. C.; 25 S. C. 24; *Harman* v. *R. R.,* 32 S. C.; 55 S. C. 241; 57 S. C. 449; 59 S. C. 316; *Burnett* v. *Ry.,* 62 S. C.; 75 S. C. 415; 77 S. C. 61; 82 S. C. 75; 87 S. C. 298. *Evidence as to other streams properly ruled out:* 17 S. C. 129. *Its relevancy is within trial Judge's discretion:* 85 S. C. 209; 83 S. C. 106; 60 S. C. 67. *Plaintiff is entitled to the accustomed flow of the sand:* 26 S. C. 489. *An instruction not applicable is not reversible error unless the Court's attention is called to it:* 74 S. C. 136; 80 S. C. 410; 73 S. C. 571; 44 S. C. 548; 86 S. C. 427. *Jury properly instructed, the weight to be given opinion evidence was for them:* 17 Cyc. 262-3; 47 S. C. 58; 66 S. C. 36; Wig. Pock. Code, par. 38; 1 Elliott 27.

December 28, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff owns a mill and water power on Allison's Creek, a tributary of Catawba River, which he purchased in September, 1906. In February, 1904, defendant completed a dam across the river about three miles below the mouth of the creek. Plaintiff's mill is about four miles up the creek from the river. Defendant's dam backs water up the river and up the creek to about two and three-quarter miles below plaintiff's mill. Before defendant's dam was built, plaintiff's water power was good, and little or no trouble was experienced by the owners on account of the deposition of sand in the creek. Occasionally a freshet would deposit sand in the creek below the mill, but not enough to interfere seriously with its operation, and usually the next freshet would take it away. There was testimony that after the closing of defendant's dam and before plaintiff acquired title to the property, the water power had been affected, at times, though not seriously, by the deposition of sand in the creek, which was supposed to have been caused by defendant's dam. After plaintiff bought the property, the deposition of sand in the creek increased to such an extent that, in December, 1907, he was compelled to abandon his mill and water power, same having been, for all practical purposes, totally destroyed. This action was brought to recover damages for its destruction, plaintiff alleging that defendant's dam obstructed the natural flow of sand and water in the creek, caused the sand to be deposited therein and the bed of the creek to be raised thereby, till his water power was destroyed. Defendant denied that its dam was the cause of the injury complained of. According to the testimony of defendant's engineers, the fall of the creek from plaintiff's mill to the back water from defendant's dam is about twenty-three and a half feet, and they say that it is a physical impossibility for defendant's dam to have caused plaintiff's injury. Notwithstanding,

there was testimony which reasonably warranted a contrary opinion, and the jury took the contrary view, and found a verdict for the plaintiff, upon which judgment was duly entered.

The Court allowed plaintiff's witnesses, who were not experts, but who had, for many years, known and observed plaintiff's water power, and were familiar with the creek and the surrounding country, and had observed the results of freshets in the creek and river, to express their opinion that defendant's dam caused plaintiff's injury. The defendant contends that the ruling was erroneous. The rule is well settled that when the matter or thing to which the evidence relates cannot be reproduced or clearly described to the jury, the witness, though not an expert, may give his opinion, after stating the facts and circumstances upon which it is based. *Seibels* v. *Blackwell,* 1 McM. 51; *Jones* v. *Fuller,* 19 S. C. 70; *Chemical Co.* v. *Kirven,* 57 S. C. 448, 35 S. E. 745. The principal difficulty lies in the proper application of the rule, that is, in deciding when the matter or thing to which the testimony refers can and when it cannot be adequately portrayed to the jury. Necessarily some discretion must be allowed the trial Judge in determining the question, and his ruling thereupon should not be disturbed unless it is clearly erroneous and prejudicial. In this case, the ruling was correct, for it would have been impossible for the witnesses to reproduce before the jury in detail the almost innumerable facts and circumstances which had occurred within their experience and observation, running through many years, and upon which their opinions were based. The case therefore falls within the rule above stated.

The next assignment of error is in excluding evidence of similar conditions in another creek, which empties into the river below defendant's dam. This ruling is sustained by the case of *Lynn* v. *Thomson,* 17 S. C. 134.

The jury were charged that "a riparian owner's water power rights, as against an owner above, mediate or immediate, is to so construct his dam as to give the latter all the fall between his upper and his lower line as the water is accustomed to flow." Defendant contends that, inasmuch as it appeared by undisputed evidence that the fall between plaintiff's upper and lower lines had not been decreased, the verdict was contrary to the charge, and should, therefore, have been set aside. Defendant's primary error is in assuming that the evidence that plaintiff's fall had not been decreased was undisputed. On the contrary, there was evidence from which it could have been reasonably concluded that his fall had been decreased. Several witnesses testified that the water did not run as swiftly through his premises as it had formerly, and it was evident that it did not carry off the sand, as it had formerly done. Moreover, while the proposition charged is sound as far as it goes, it falls short of being a complete statement of the law, for it is conceivable that a lower riparian owner may cause damage to his neighbor above without decreasing his fall. For instance, suppose he builds his dam just high enough to throw his backwater to his neighbor's line. According to well known natural laws, this backwater might cause the sand to be deposited in the stream above, so as to raise the bed of it uniformly from his neighbor's lower line to his upper line. In that event, there would be no decrease in his neighbor's fall, yet damage might be done by the raising of the bed of the stream.

There was no evidence that the backwater from defendant's dam ever came nearer to plaintiff's lower line than two miles. Nevertheless, the Court charged the jury, that if plaintiff was injured by water backed to and upon his water power and the consequent deposition of sand in the creek, caused by defendant's dam, defendant would be liable. Error is assigned in this instruction in that the Court assumed and allowed the jury to assume—con-

trary to the fact—that water was backed upon plaintiff's property.  The Court did not assume the existence of the fact involved in the instruction, but stated the proposition hypothetically, and while there was no evidence upon which any such finding could have been predicated, still it clearly appears from the record that the instruction was a mere inadvertence from which defendant could not have suffered prejudice.  There was no contention that backwater from defendant's dam ever reached plaintiff's lower line, but plaintiff's contention was that it did cause the sand to be deposited in the creek and the bed thereof to be raised so that his water power was destroyed; and if the backwater from defendant's dam was the proximate cause of that effect, it is immaterial that it did not extend up to plaintiff's lower line.

These considerations dispose of all the exceptions.

Judgment affirmed.