## 10725

### LIVINGSTON v. REID-HART PARR CO.

(109 S. E. 106)

1. FRAUD—SELLER'S REPRESENTATION HELD MERE PROMISE NOT ACTIONABLE.—An allegation that defendant sellers "represented that they would furnish and sell to the plaintiff a machine" of certain described character, was merely an allegation of a representation that the seller "would do" a certain thing, nothing more than a promise, and not the representation of an existing fact, and was not a sufficient allegation of fraud.

2. SALES—EVIDENCE OF TROUBLE WITH MACHINES SOLD TO OTHER PERSONS HELD INADMISSIBLE.—In an action for damages for breach of warranty of machine, Court properly excluded evidence as to trouble other purchasers of the machine had, since it would extend the inquiry indefinitely to branch out into all kinds of sales and surrounding conditions.

3. SALES—INSTRUCTION HELD WARRANTED BY EVIDENCE.—In an action for breach of warranty of a machine where there was some testimony to the effect that plaintiff made a careful examination of the machine before buying, and plaintiff testified that the defects of which he complains were plainly discernible, Court did not err in charging that one who knowingly buys a defective or unsound commodity cannot complain.

4. SALES—INSTRUCTION AS TO PUFFING STATEMENTS BY SELLER HELD NOT ERRONEOUS.—In an action by purchaser of machine for damages an instruction concerning puffing statements merely telling the jury that, when statements by the vendor only amount to expressions of opinion in the praise of his goods, such statements

do not constitute fraud, was not erroneous, where followed by the further statement that "any distinct affirmation as to the quality or condition of a thing sold by the owner * * * is an express warranty."

5.   SALES—ADOPTION OF MANUFACTURER'S WARRANTY EXCLUSION OF IMPLIED WARRANTY.—Where purchaser of machine from a dealer signed an order or contract stating, "I agree to receive the above machinery * * * subject to warranty of the manufacturer as below," any implied warranty of soundness and adaptability was excluded.

6.   SALES—SELLER MAY LIMIT WARRANTY.—A seller of a machine is not obliged to give any warranty at all, and not being so obliged, has the right to contract for a limited warranty and in making warranty of the manufacturer his warranty.

7.   APPEAL AND ERROR—FAILURE TO CHARGE NOT NOTICED WHERE REQUEST WAS NOT CALLED TO COURT'S ATTENTION.—Where at the conclusion of the charge the Circuit Judge stated "Now, gentlemen, are there any matters that I have overlooked, any matters that you want to call specially to my attention?" to which counsel for plaintiff responded, "I think your Honor has covered the ground," plaintiff cannot complain that the Court failed to give a charge requested.

Before McIVER, J., Richland, February 1920.   Affirmed.

Action by T. M. Livingston v. Reid-Hart Parr Co. Judgment for defendant and plaintiff appeals.

The exceptions were as follows:

1.   That his Honor erred in excluding the testimony of the witness G. W. Langford, offered for the purpose of showing that, as supervisor of Saluda County, he had purchased one or more of the New Hart-Parr tractors in 1917, and that they were unsuitable for and incapable of doing the work of pulling plows and road machinery, and that the county had made numerous complaints to the defendant prior to the sale of the tractor to the plaintiff, because the said testimony was relevant and competent for the purpose of showing knowledge on the part of the defendant, at the time of making the sale to plaintiff, that the tractors were not suitable for or capable of doing, the work represented by defendant, and for which it was purchased by the plaintiff.

2.   That his Honor erred in excluding the testimony
of the witness Thomas Taylor offered for the purpose
of showing that he purchased a Hart-Parr tractor from
the defendant in 1916, for  use  on  his  farm,  to  pull
plows and farm machinery, and that it was not suitable
for, or adapted to, such purposes, and was impracticable
for such uses and purposes, and that he had made repeated
complaints  to  the defendant prior to July, 1918, in re-
gard thereto, because the said testimony was competent
for the purpose of showing knowledge on the part of the
defendant at the time it made the sale to plaintiff that
the machine was not suitable for, capable of, or adapted
to the purposes represented by the defendant, and for which
plaintiff made the purchase.

3..  That his Honor erred in excluding the testimony
of the witness R. O. Dunning,  a  mechanical  engineer,
offered for the purpose of showing that the Hart-Parr
tractor was so constructed as to be impracticable, incapable
of, and not adapted to the purposes of a farm tractor, be-
cause the said evidence was competent and relevant to show
that said machine was not suitable for, or adapted to,
the purposes for which it was bought by the plaintiff, and
for which defendant represented it to be suitable and
adaptable, and that the defendant knew this at the time
of the selling it to the plaintiff.

4.   That his Honor erred in charging the jury:  "I
charge you, however, that although a sound  price  de-
mands a sound commodity, still, if one knows  that  he
is not getting a sound commodity at the time he makes
his purchase, then that principle of law would not apply.
In other words, gentlemen, you know a man can buy a blind
or crippled horse, if he wants to, and pay what that horse
is worth, and if he knows that the horse is blind or crip-
pled, and still undertakes to buy him, then he would buy

that horse, and he could not undertake to rescind the contract on account of the fact that the article purchased was not a sound commodity, if he bought it with his eyes open, knowing that it was in that condition at the time he bought it"—because:

(a) There was no evidence that the plaintiff knew that the machinery was unsound or unfit for the purposes for which it was sold to him, and for which he bought it.

(b) Defendant in its testimony claimed the tractor was new, sound, and first class.

(c) The plaintiff, having paid full price for a new and sound machine, was entitled to such a machine.

5. That his Honor erred in charging the jury: "I charge you that the plaintiff agreed to receive that machinery, and to pay the freight on it from Charles City, Iowa, subject only to the warranty of the manufacturer, and which was adopted by the seller as his warranty in this particular case, because he says he accepts this contract and signs his name to it. I charge you that under this warranty, if this is the entire contract, the only warranty is that the New Hart-Parr tractor was well made and of good material and workmanship; that, if any of the machinery breaks within one year from the delivery of it, that they would replace that part of the machinery, if it broke on account of faulty material or workmanship, and they do not warrant the batteries, spark plugs, or other electrical equipment connected with the machine"—because the said warranty only purported to be a warranty by and in behalf of the manufacturer. It did not affect or relate to the dealer, which is the defendant in this case, and it in no wise excluded or prevented a warranty from the defendant, as is alleged and claimed by the plaintiff in this case.

6. That his Honor erred in charging the jury, at the request of the defendant:

"(1) 'Statements by the vendor' (that is, the seller) 'of property as to its condition, quality, character, capacity, or adaptability to certain uses, are generally regarded as mere expressions of opinion, and, when such is the case, do not constitute fraud.' Yes, gentlemen, there is a narrow margin or line there that I will try to explain to you. That is the law. That is the law laid down by Blackstone, one of the earliest law-writers we have, and he illustrates in this way: That a merchant in selling his goods to a customer in his store praises up his goods and speaks of how suitable they are for the purpose the party wants them for, and unless there is an actual misrepresentation of fact, then that is merely regarded as the effort of the seller to dispose of his goods, showing them off to advantage; and where no fraud is intended, and where it is mere expression of opinion in the praise of his goods, it does not constitute fraud."

And in further charging the jury, at the request of the plaintiff:

"(4) 'In reference to the cause of action for breach of warranty, the jury are charged that any distinct affirmation as to the quality or condition of a thing sold by the owner, during the negotiations for the sale, which it may be supposed was intended to cause the sale, and was operative in producing it, and relied on by the purchaser, is an express warranty; and if it turns out to be untrue, the owner and seller would be liable to the purchaser, therefore.' I have already charged you that"—because:

(a) The charge is calculated to confuse the issues before the jury and the correct ruling of law.

(b) Statements by a seller of machinery and dealer in machinery, as to its condition, quality, capacity, or adaptability, are in their nature warranties.

7. That his Honor erred in charging the jury: "(8) 'I charge you that, with respect to the second cause of

action, set forth in the amended complaint in this action, the rights of the parties must be determined according to their contract, and that the express written order which has been introduced in evidence is alone the evidence of what was intended by the contracting parties'. I charge you that, provided the written contract includes and covers the complete and entire agreement between the parties. I have already practically charged you that"—because: It is a charge on the facts.

8. That his Honor erred in charging the jury: "(9) 'If you find from the evidence that the plaintiff retained possession of the tractor involved in this suit for more than six days after the first day's use of the tractor by the plaintiff, then I charge you that then and in that event such retention of possession by the plaintiff would be conclusive evidence that the warranty given by the seller had been fulfilled, except as to the defective parts, and the plaintiff could not recover on the second cause of action set forth in the complaint.' I charge you that, unless, I add, the defendant by its acts waived that provision of the contract requiring notice to be given in six days, or the return of the property to be given in six days. I charge you that, unless the defendant waived it, as I have previously in this charge explained to you. I have charged you that one could waive and relinquish and forego the enforcement of a right, and if he did that, then he could not afterwards hold the other party to that right, as I illustrated to you about the insurance policy"—because:

(a) The provision as to retaining possession for more than six days only applies to the warranty by the manufacturer, and has no application to the warranty or agreement between the dealer or seller and the plaintiff.

9. That his Honor erred in refusing to give the plaintiff's fifth request, to wit: "False warranty does not depend upon or require knowledge of its falsity at the time

it is made. The seller is held bound by his statement"—
because the same contains a correct proposition of law ap-
plicable to this case.

10. That his Honor erred in refusing the plaintiff's
motion for a new trial, because:

(a) His Honor had erred in excluding the testimony
of the witnesses Langford, Dunning, and Thomas Taylor,
tending to prove fraud and guilty knowledge on the part
of the defendant at the time of making the contract of
sale and representations to the plaintiff.

(b) The evidence showed conclusively that, while plain-
tiff paid full price for a new machine, he did not receive
a new machine, and there was no evidence upon which to
base a verdict to the contrary.

(c) The evidence showed that the machine sold to the
plaintiff had worn and defective parts, and that defend-
ant's contract of guarantee was breached.

(d) There was not sufficient evidence to support the
verdict for the defendant.

The reason of the Court for excluding testimony of the
witness Langford, complained of in exception No. 1, was
that it would open a limitless inquiry as to a number of
sales made to other people, and that inquiry must be con-
fined to the particular machine in question to show knowl-
edge on the part of the defendant that the machine was
not giving satisfaction.

*Mr. D. W. Robinson,* for appellant, cites: *Fraud:* 111
S. C. 41. *Wide latitude allowed in evidence as to fraud:*
103 S. C. 395; 104 S. C. 227; 78 S. E. 645 (Va.); 102
S. E. 203 (N. C.). *Positive statement of fact as to which
he has no knowledge is as much a fraud as a wilful mis-
statement:* 74 S. E. 668 (W. Va.); 79 S. E. 610 (N. C.).
*Burden on seller to show misstatements were not relied on:*
76 S. E. 637. *Fraudulent intent includes knowledge of*

*falsity of statement*: 61 S. C. 192; 14 A. & E. Enc. L. 86, 87, 88. *Evidence of other transactions admissible to show guilty knowledge*: 56 S. C. 501; 39 S. C. 350; 1 Bail L. 301; 13 A. & E. Enc. L. 1110; 97 S. C. 75. *Parol evidence to show fraud even if there be a written contract*: 104 S. C. 227; 111 S. C. 42; *Charge not relevant to evidence on issues calculated to mislead and confuse jury*: 108 S. C. 201; 96 S. C. 80; 113 S. C. 499; *Parol evidence competent in explanation of contract or its terms*: 41 S. C. 160; 16 S. C. 357; 61 S. C. 169; 8 Rich. L. 36; 108 S. C. 114. *Written contract fraudulently obtained is a nullity*: 113 S. C. 317. *Warranties in the sale of a chattel* 11 S. C. 340; 87 S. C. 91; 122 U. S. 581; 30 L. Ed. 1174; 1 Parsons Conts. 580; 61 S. C. 192. *Charge on facts*: 96 S. C. 80, 47 S. C. 523; 91 S. C. 217; 110 S. C. 146.

*Messrs. Barron, McKay, Frierson & McCants,* for respondent, cite: *Testimony as to other defective machines not competent*: 37 S. C. 7; 251 Fed. 25; 17 S. C. 129; 90 S. C. 271; 79 S. C. 281; 81 S. C. 456; 108 S. C. 195; 84 S C. 190; 73 Iowa 509; 41 Iowa 45; 41 Pa. Sup. Ct. 572; 28 N. W. 841 (Mich); 42 N. W. 963 (Mich.); 130 N. W. 618 (Mich.); 23 Pac. 295 (Cal.); 97 N. E. 158 (Ind.); 58 Atl. 741 (Conn.); 59 N. E. 58 (Mass.): *Jury was not misled*: 108 S. C. 411. *Contract governs rights of the parties*: 105 S. C. 520.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $3,000 damages for alleged breach of a contract for, and for fraud and misrepresentation in, the sale of a tractor for the defendant to the plaintiff on July 25, 1918. The case was tried at February term, 1920, before Judge McIver and a jury, at Columbia. Verdict for defendant. Plaintiff appeals.

The complaint states two causes of action, and the "case" contains the foregoing statement that the action was for (1) fraud and misrepresentation, and (2) breach of contract of sale, though in neither alleged cause of action do we find the necessary allegations of either fraud or misrepresentations. In the first cause of action it is alleged that the defendants "represented that they would furnish and sell to the plaintiff a machine" of certain described character, and that after the machine had been furnished it was ascertained that those representations were untrue for certain specified reasons. A representation that the seller would do a certain thing is nothing more than a promise, not the representation of a fact as existing; and the failure to make good that representation is nothing more than the breach of a promise. There is therefore practically no difference between the two alleged causes of action; the sole grievance of the plaintiff being a breach of the contract of sale in the warranty of the machine. There is no hint in the complaint of fraud upon the part of the defendant, unless it be in reliance upon the allegation that the defendant promised to furnish a machine of certain character and did not do so, which is entirely insufficient to raise the issue of fraud. The charge of fraud was therefore entirely too favorable to the plaintiff in submitting this issue to the jury.

The main issue is whether the contract of sale contains an express warranty which excludes all other warranties, express or implied, and by terms of which the plaintiff is bound.

The contract of sale is evidenced by the following described instrument of writing: On July 25, 1918, the plaintiff signed a written order, directed to Reid Hardware Company, a corporation at Lincolnton, N. C., of which the defendant is the successor, for a certain tractor and plow, the price of which was $1,653.30, payable cash on

delivery, together with freight from the factory at Charles City, Iowa, "subject to the warranty of the manufacturer as below." This warranty was that the machine was "well made, of good material and workmanship," guaranteed to operate with kerosene oil, and was accompanied by the following conditions:

The batteries, spark plugs and other electrical equipment were excepted from all warranty; new parts would be furnishtd free of charge by the manufacturer, if the breaks in the machinery should be caused by faulty material or workmanship and the broken parts be sent to the factory for inspection and proof of defect within one year from date of delivery, the purchaser paying freight both ways. "The purchaser agrees that retention or possession for more than six days after first day's use of said machinery purchased herein shall be construed as conclusive evidence that the warranty has been fulfilled, and that the manufacturer is hereby released from all further warranty, except as to defective parts."

The machine was duly delivered to the plaintiff, who paid the purchase price. It was set up for work on October 16th, a representative of the defendant assisting the plaintiff, and for a day himself operating the machine. At first, the paintiff testified, "it operated very well"; "it operated as long as the defendant's representative was in charge, as all right as long as Mullarky was on it." Later on trouble developed and plaintiff wired defendant to send a man to straighten it out. Defendant wrote that unless plaintiff wired to the contrary they would have a man there on November 9th, but that, if the trouble did not appear to be mechanical, the plaintiff would have to bear the expense of the man. He wired not to send the expert, that the machine was then operating all right.

The troubles of the plaintiff with the machine increased until finally he abandoned it as utterly worthless, testify-

ing to and offering other testimony to prove various defects in material and workmanship, which are enumerated and described in detail.

The testimony for the defendant tended to show that the machine was a new one, in perfect condition, and that the troubles of the plaintiff with it were due to faulty operation.

The Circuit Judge submitted all of the issues raised in the pleadings in a fair, clear, and able charge, which was indeed more favorable to the plaintiff than he was entitled to, and the jury found a verdict in favor of the defendant.

The following is an epitome of the assignment of error:

(1)   Exclusion of the testimony of the witnesses Langford, Taylor, and Dunning to prove that machines of the same make operated by them respectively were impracticable, incapable of, and not adapted to, the purposes of a farm tractor.   Exceptions 1, 2, and 3.

(2)   Error in charging that one who knowingly buys a defective or unsound commodity cannot complain.   Exception 4.

(3)   Error in charging the law as to puffing statements by a seller.   Exception 6.

(4)   Error in charging on the facts.   Exception 7.

(5) Error in charging that the plaintiff was bound by the provision in the warranty relating to the retaining of possession for six days constituting a release of the warranty.   Exceptions 5 and 8.

(6) Error in refusing to give the plaintiff's fifth request.   Exception 9.

(7) Error in refusing motion for a new trial.   Exception 10.

27—S. C. 117

The exceptions will be reported in full.

If the testimony had shown that the machine operated by these witnesses had been practically the same as the machine sold to the plaintiff, and the transaction had been attacked for fraud, it would possibly have been admissible as evidence of guilty knowledge and fraudulent intent; but neither of these elements appearing, the testimony was properly excluded for the reason assigned by the Circuit Judge, which will be reported. *Kauffman Milling Co. v. Stuckey,* 37 S. C. 7, 16 S. E. 192; *Sharples Separator Co. v. Skinner,* 251 Fed. 25, 163 C. C. A. 275; *Lynn v. Thompson,* 17 S. C. 129; *Hand v. Power Co.,* 90 S. C. 271, 73 S. E. 187; *Southern Ry. Co. v. Howell,* 79 S. C. 281, 288; 60 S. E. 677; *Puryear v. Ould,* 81 S. C. 456, 459, 62 S. E. 863; *Gilliam v. So. Ry. Co.,* 108 S. C. 195, 198, 93 S. E. 865; *Rookard v. Railway Co.,* 84 S. C. 190, 65 S. E. 1047, 27 L. R. A. (N. S.) 435, 137 Am. St. Rep. 839; *Osborne & Co. v. Simmerson,* 73 Iowa, 509, 35 N. W. 615; *Murray v. Brooks,* 41 Iowa, 45; *Byrne v. Elfreth,* 41 Pa. Super. Ct. 572; *Osborne & Co. v. Bell,* 62 Mich. 214, 28 N. W. 841; *Second National Bank v. Wheeler,* 75 Mich. 546, 42 N. W. 963; *Watkins v. Phelps,* 165 Mich. 180, 130 N. W. 618; *Fox v. Harvester Works,* 83 Cal. 333, 23 Pac. 295; *Illinois Surety Co. v. Frankfort Heating Co.,* 178 Ind. 208, 97 N. E. 158; *Watson v. Bigelow Co.,* 77 Conn. 124, 58 Atl. 741; *Brunnett v. Nemo Heater Co.,* 177 Mass. 480, 59 N. E. 58.

2. There was some testimony to the effect that the plaintiff made a careful examination of the machine before buying, and he testified that the defects of which he now complains were plainly discernible. The charge was relevant to the case.

3. The Court merely told the jury that, when statements by the vendor only amount to expressions of opinion in the praise of his goods, such statements

do not constitute fraud; and then he followed this proposition with the further statement that "any distinct affirmation as to the quality or condition of a thing sold by the owner *** is an express warranty." We fail to see how the jury could possibly have been confused by the portion of the charge referred to.

4. The charge was clear and fair to the plaintiff, and correctly states the law. It was in no sense a charge upon the facts.

5. This raises the main issue in the case. The con-
5, 6 tract shows that the machine was sold "subject to the warranty of the manufacturer as below." That warranty has been fully explained above. The plaintiff contends that it was supplementary to, and not exclusive of, the implied warranty of the dealer, who bought from the manufacturer outright.

It will be observed that the instrument in question is entitled "Customer's Order," and is addressed to the defendant, "Reid Hdwe. Co., Lincolnton, N. C.," and begins, "Please enter my order for one new Hart-Parr tractor." It is signed by the plaintiff, and below the plaintiff's signature is written "Accepted July 25, 1918. Reid Hdwe. Co., Dealer." The plaintiff himself testified that on July 25, 1918, "I entered into a contract with Reid Hardware Company on that date for what is called a New Hart-Parr tractor through Mr. H. E. Reid," etc., and he himself introduced the contract in evidence. The testimony is uncontradicted, therefore, that the contract was between the plaintiff and the Reid Hardware Company. In the contract the purchaser (plaintiff) says: "I agree to receive the above machinery, * * * subject to the warranty of the manufacturer, as below." Since his contract, by his own testimony, was with the Reid Hardware Company, the dealer, and not with the manufacturer, his agreement to receive the machinery "subject to the

warranty of the manufacturer" was meaningless, unless, as the Court held, the dealer had adopted the warranty as its own and made it a part of the contract between the par-- ties. The defendant was not obliged to give any warranty at all, if it chose to so contract and the plaintiff agreed. Not being so obliged, it had the right to contract for a limited warranty and, in makng the warranty of the manufacturer the warranty of its contract with the plaintiff, it did no more than it had the right to do. An express warranty excludes the implied warranty of soundness or adaptability.

Under the cases of *Threshing Co. v. Dyches,* 108 S. C. 411, 94 S. E. 1051, and *Westinghouse v. Glencoe,* 106 S. C. 133, 90 S. E. 526, the Circuit Judge was entirely correct in charging as complained of in Exception 8.

6.   This request was not read to the jury, and not
7    charged. At the conclusion of the charge the Cir-
cuit Judge stated, "Now, gentlemen, are there any matters that I have overlooked, and any matters that you want to call specially to my attention?" to which counsel for the plaintiff responded, "I think your Honor has covered the ground." If he deemed the request of sufficient importance, he should then have called the attention of the Court to the omission.

7:   The exception to refusal of motion for new trial is disposed of by the foregoing conclusions.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.