### D. M. OSBORNE & CO. (A CORPORATION) v. MILO BELL AND WILLIAM J. BELL.

*Warranty of machine—Sale of duplicate machines— Which worked well, and without complaints by vendees—Has no tendency to sustain warranty of particular machine— Which vendees claim failed to fill such warranty —Nor has testimony that like machines were in general use throughout the country—Purchase price of machine—Payable in approved notes, to be delivered on delivery of machine—In suit for its value on refusal of vendees to give such notes or to pay for the machine —They claiming a breach of accompanying warranty—Demand for notes necessary before bringing suit—If partnership relation of vendees, or joint ownership of property, not shown, such demand must be made on both vendees.*

1. In a suit to recover the value of a machine, the defense being that it did not fill the warranty made by the vendor, an agent of the vendor was allowed to testify that plaintiff sold over one hundred of the machines the same year defendants purchased theirs, and that they all worked well, and that none of the vendees, except the defendants, complained of the working of the machines, which were all duplicates.

*Held*, that this testimony was incompetent and immaterial, the merits or manner of working of the "other machines" not being in issue in said suit, and such testimony having no tendency to prove that the operation of defendants' machine was in accordance with the warranty of the plaintiff, and being well calculated to prejudice defendants' rights before the jury. *Gage v. Meyers*, 59 Mich. 300.

2. In such a case testimony that such machines were in general use throughout the country was also immaterial, and its admission error.

8. Where two persons purchased a machine, agreeing to deliver to the vendor their approved notes for the purchase price of the same, on the delivery of the machine at a specified place,—

*Held*, that if the vendor could recover the value of the machine on failure of the vendees to they give their notes or to pay for the same, they claiming a breach of a warranty accompanying such sale, and it not being shown that they were *partners* or that the machine was to be their *joint* property, a demand for such notes was necessary to be made upon *both* of the vendees before bringing such suit.

*Held*, further, that the statements of *one* of said vendees to the effect that the machine worked well were not competent to bind the *other*.[1] *Thompson v. Richards*, 14 Mich. 172.

Error to Hillsdale. (Howell, J.) Argued June 17, 1886. Decided July 1, 1886.

Assumpsit. Defendants bring error. Reversed. The facts are stated in the opinion and head-notes.

*E. L. Koon*, for appellants :

A demand should have been made upon both of the defendants for the notes : *Gibbs v. Blanchard*, 15 Mich. 304 ; *Sherwood v. Hecox*, 35 Id. 202 ; *King v. Kerr*, 3 Pinney (Wis.), 464 ; *Bradley v. Levy*, 5 Wis. 400.

The fitness of the machine sold defendants was the question for the jury to consider, and the testimony as to the working of other machines was inadmissible : 1 Phillips on Ev. 748, and cases cited ; *Lightfoot v. People*, 16 Mich. 507 ; 1 Greenleaf on Ev. § 52.

*Weaver & Shepard*, for plaintiff :

No demand for the notes was necessary. The defendants had returned the machine, and that act amounted to a refusal to comply with their contract and give their notes for the purchase price : *Farmers' Bank v. Planters' Bank*, 10

---

[1] See *Mathews v. Phelps* 61 Mich. 327.

Gill & J. (Md.) 422 ; *Watson v. Phœnix Bank*, 8 Metc. 217 ; *Robinson v. Williams*, Id. 454 ; *Webster v. Coffin*, 14 Mass. 196–9 ; *Cooper v. Mowry*, 16 Id. 6 ; *Newcomb v. Brackett*, Id. 161 ; *Clark v. Moody*, 17 Id. 149 ; Angell & Ames on Corp. § 248 ; *Prettyman v. Hartly*, 77 Ill. 265.

SHERWOOD, J. The plaintiff is a corporation organized under the laws of the State of New York, and on the thirteenth day of March, 1883, was doing business in this State.

Its business was making and vending a farm implement known as the " Osborne Harvesting-machine," used for cutting and binding wheat. At that date it had an agent for the sale of its machine at North Adams, in the county of Hillsdale, who had his place of business at that place, and whose name was Knowles.

The company's home office was at Auburn, New York. It also had a branch office at Cleveland, Ohio.

On the said thirteenth day of March, 1883, the company, by its agent, Knowles, sold by contract one of its No. 11 twine-binders, six-foot cut, to the defendants.

The contract is as follows :

" ORDER FOR OSBORNE HARVESTING-MACHINE.

"DATED, NORTH ADAMS, March 13, 1883.

" *Messrs. D. M. Osborne & Co., 52 and 54 River Street, Cleveland, O.:* We have this day ordered of E. S. Knowles, agent, one of your machines, described as 'No. 11 Osborne Twine-binder,' six-foot cut, to be delivered at North Adams on or before June 1, 1883, for which we agree to pay the sum of two hundred and fifty dollars, in manner as follows : Cash in hand, $————; an approved note, due October 1, 1883, $100, without interest, at — per cent.; an approved note, due October 1, 1884, $150, with interest at 7 per cent.; an approved note, due ———— 1, 188—, $————, with interest at — per cent.; notes to be made payable to the order of D. M. Osborne & Co., and to bear interest from October 1, 1883.

" I have also bought of the above-named agent — boxes, of 100 lbs., for No. 11 binder, twine at 20 cents per pound, for which I agree to pay cash upon delivery of twine at ————.

" This machine is hereby purchased and sold subject to

the warranty and agreement. printed on the back of this order, and no one has any authority to add to, abridge, or change it in any manner.

(Signed) . " MILO BELL.
" W. J. BELL."

On the back of said order, agreement, and contract there is the following indorsement:

" WARRANTY.

" The machine named in this order is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge, or change it in any manner.

"All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from ten to fifteen acres per day.

" If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine shall immediately be returned to the agent of whom it was purchased, at his place of business, and the payment of money or notes returned.

" Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty."

Under this order or contract the defendants took the machine to their farm, where it was set up and started by one of the plaintiff's men, and, as the defendants claim, after a fair trial by them, the machine could not be made to do good work, and they returned it to the agent, Knowles, at North Adams, when they were about half through with their harvesting, and the plaintiff claims refused to give their notes or pay for the same when asked by the plaintiff to do so.

The case was tried in the Hillsdale circuit by jury, and a judgment was rendered for the plaintiff for the value of the machine stated in the contract.

The defendants bring error.

. The errors assigned relate to the admissibility of testimony

in part, and in part to the refusals of the court to charge as requested by defendants; also, in two cases, to the charge of the court given upon its own motion.

There was no error in admitting the order given for the machine.

The plaintiff, in offering testimony to prove that the machine complied with the warranty in cutting and binding grain when used, examined one of its agents, whose headquarters was at Jackson, in this State, during the year 1883, who saw the machine both before and after harvest that year, but never saw the machine work or in use; and after testifying that it was well built, and that the plaintiff sold over 100 of them that year, he was then asked by plaintiff's counsel : "How did the other machines work ?" This was objected to as incompetent and immaterial, but was admitted against the objection, and the witness answered :

"They worked well. It is the duty of sub-agents to give me a report of every machine set up. It is the duty of local agents to notify me of any trouble after the machine is started."

He was then asked by plaintiff's counsel, against the same objection by counsel for defendants :

"Were there any other complaints about machines made to you by agents?"

And he was permitted to answer :

"No other persons complained of the working of their machines excepting Mr. Bell. These machines are all duplicates, and no difference in them."

These questions were both objectionable upon the ground stated. The merits of the other machines referred to were not the issue in this case, nor the manner of their working. The operation of the machine sold to the defendants, and the manner in which it did the business it was warranted to do, was the only question then under consideration, and the manner the other machines did their work did not tend to prove that the operation of the one in question was in accordance with the promises of plaintiff. The evidence was

inadmissible, and was well calculated to prejudice the rights of the defendants before the jury: *Gage v. Meyers*, 59 Mich. 300.

Complaints made by agents in regard to other machines were clearly hearsay, and whether such were made or not to the agent at Jackson was clearly irrelevant. The testimony of plaintiff's witness Haynes, that the plaintiff's binder was in general use throughout the country, was immaterial, and its admission was error. It had no bearing upon the plaintiff's failure to perform, or performance of, its contract with the defendants.

If the plaintiff was entitled to recover for the value of the machine, a demand for the notes was necessary before bringing suit, and such demand was necessary to be made upon both defendants, and we think the defendants' request upon this subject should have been given. The debt, it will be remembered, was not due according to the contract if the notes had been given, and it does not appear that the defendants were partners, or that the property purchased was to be their joint property.

The statements of one of the defendants, not in the presence of the other, to the effect that the machine worked well or first rate, were not competent to bind the other defendant: *Thompson v. Richards*, 14 Mich. 172.

We discover no other errors. For those noted the judgment must be reversed, and a new trial granted.

The other Justices concurred.