GORGEE W. PLATT v. EDWARD BRODERICK.

*Conditional sale—Stipulation that machine shall work to vendee's satisfaction—Return of property to vendor—Evidence— Statements of agent—Impeachment.*

1. In this case it is held that under the agreement for the sale of the machine, as testified to by both parties, it was immaterial whether it worked well or not; that the vendee was to be satisfied with it; and if it did not suit him he had a right to return it, the only question being *when* such return was to be made, and that *this* was a question of fact to be found by the jury.

2. In a suit by a vendor to recover the price of a machine, statements made by the vendor's agent, not in his presence, as to the terms of the sale, which was negotiated by the agent, are inadmissible unless the evidence is offered for purposes of impeachment, in which case the agent's attention must be directed to such alleged statements when on the stand.

Error to Berrien.   (Smith, J.)   Argued May 22, 1888. Decided June 8, 1888.

*Assumpsit.*   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*Spafford Tryon,* for appellant, contended:

1. The setting up of the machine and working it was one entire condition, and the action of the defendant in setting it up was in violation of the express terms of the contract, and put it out of the power of the plaintiff to perform such condition, and the

70 MICH. 37.

sale became absolute; citing *Smith v. Lynes*, 5 N. Y. 41; *Hennequin v. Sands*, 25 Wend. 640; *Deyoe v. Jamison*, 33 Mich. 94; *Comstock v. Sanger*, 51 Id. 497.

2. The defendant, having used plaintiff's property in violation of the contract of sale, became liable for its value independent of the contract in a general action of *assumpsit*; citing *Roth v. Palmer*, 27 Barb. 652: *Welch v. Bagg*, 12 Mich. 41.

*G. M. Valentine,* for defendant, contended as stated in the opinion.

MORSE, J.   The plaintiff declared against the defendant in justice's court for the price and value of a mowing-machine, $65, sold by him as agent of the Walter A. Wood Mowing & Reaping Machine Company, to said defendant, which said claim or account of $65 was assigned by said machine company to him before the commencement of this suit.   The defendant had judgment in the justice's court for costs.   The plaintiff appealed to the circuit court for the county of Berrien, in which court, before a jury, the plaintiff recovered judgment for $65.

The plaintiff claimed, upon the trial, that the machine was sold to the defendant in the summer of 1886.   The terms of sale were agreed upon on a certain Saturday in the month of July.   Broderick was to take the machine home that day. An agent of the machine company, one Knearl, was to go out to Broderick's place on the following Monday, and set the machine up, and stay until it worked satisfactorily.   If it did not suit the defendant, he was to bring it back Monday, and receive pay for bringing it in.   If it worked all right to his satisfaction, Broderick was to keep the machine, and pay $65 for it,—one-half October, 1886, and the balance October, 1887, with interest from October, 1886.   Under this arrangement, defendant took the machine home with him.   Monday morning Knearl testifies he went out to Broderick's farm to fulfill his part of the agreement.   He found that defendant had set up the machine, and was at work with it.   He made

some changes in the setting of the machine. It was tried in all kinds of grass growing on defendant's place, and worked well. Knearl stayed about three hours, when Broderick told him he " liked the machine first rate," and he need not stay any longer. He then went back to town. A few days after¬ the defendant brought the machine back. The plaintiff refused to receive it, and defendant unloaded it in the yard of Mrs. Downey, about 20 feet from plaintiff's premises.

The defendant's version of the transaction was that the price of the machine was agreed upon at $60, with a year's time, without interest. If the machine suited him, he was to take it out to his farm, and try it until he was satisfied. There was no time mentioned when he should bring it back if he did not like it, nor was there any limit as to time of trial. Did not tell Knearl that he was satisfied with the machine, or anything of the kind. The machine did not do good work, did not suit him, and he returned it on Thursday. Did not use it except on Monday, when he mowed about three acres.

The testimony shows that sometime in October, 1886, the plaintiff demanded of the defendant a settlement for the machine and notes, in accordance with the terms of the agreement, it being his custom to take notes when time was given, and demanded notes several times afterwards, but defendant always refused to give them, or pay for the machine.

The circuit judge instructed the jury that in setting up the machine on Monday, before Mr. Knearl arrived at his place, the defendant violated the contract of sale, and was bound to take the machine, and must pay for it; and that the only question to be determined by the jury was the price of the machine,—whether it was $65, as claimed by the plaintiff, or $60, as contended by the defendant.

This instruction was erroneous. It does not appear that

the setting up of the machine by the defendant had anything to do with the working of the same, or that any complaint was made by the plaintiff or Knearl because of such setting of the machine by defendant. The issue was a simple one. If the plaintiff's theory of the contract was correct, and defendant, after using the machine on Monday, told the agent he was satisfied with it, and did not return it on that day, the plaintiff was entitled to recover the price of the machine. If the defendant's version of the contract was the true one, the plaintiff could not recover, and the verdict should have been for the defendant. Under the agreement, as testified to by both parties, it was immaterial whether the machine worked well or not. The defendant was to be satisfied with it; and, if it did not suit him, he had a right to return it, on Monday if plaintiff's theory was accepted, and upon the day it was returned if the agreement was as claimed by Broderick. *McCormick Machine Co. v. Cochran*, 64 Mich. 636 (31 N. W. Rep. 561); *Plano Manufacturing Co. v. Ellis*, 68 Id. 101 (35 N. W. Rep. 842); *Wood, etc., Machine Co. v. Smith*, 50 Id. 565 (15 N. W. Rep. 906).

One other objection need only be mentioned. It was not competent for either the defendant or Lawrence to testify that Knearl stated to Lawrence what the bargain was between him and defendant. If Lawrence was present when the bargain was made, he could testify to what was said between the parties, in rebuttal of Knearl's testimony. But a statement made by Knearl after the contract was completed, not in the presence of plaintiff, could not be received in evidence except in impeachment of Knearl's testimony; and, in such case, Knearl's attention must be called to such statement, which was not done, as appears by the record.

The judgment will be reversed, and a new trial granted.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.