WATKINS *v.* PHELPS.

1. SALES — RESCISSION — ELECTION OF REMEDIES FOR BREACH OF WARRANTY.
    Having elected on the trial to claim damages for breach of warranty of a furnace sold to plaintiffs by defendants, the plaintiffs could not assert the inconsistent right to rescind their contract and recover the purchase price.

2. SAME—WARRANTY—VARIANCE.
    Under a declaration setting up a warranty to install a furnace which would properly heat plaintiffs' house in all kinds of weather, evidence was not admissible to show that the defendants warranted the furnace to heat the house to plaintiffs' satisfaction.

3. SAME—EVIDENCE—TRIAL—DIRECTING VERDICT.
    It was proper not to direct a verdict for plaintiffs upon conflicting evidence as to the warranty and its breach.

4. EVIDENCE—BREACH OF WARRANTY.
    Testimony that other furnaces of the same manufacture had satisfactorily heated houses as large as plaintiffs', was inadmissible. *Second Nat. Bank* v. *Wheeler,* 75 Mich. 549 (42 N. W. 963). Distinguishing *Avery* v. *Burrall,* 118 Mich. 672 (77 N. W. 272).

Error to Washtenaw; Kinne, J. Submitted January 6, 1911. (Docket No. 41.) Decided March 31, 1911.

Assumpsit by Lucius D. Watkins and L. Whitney Watkins against Harrison T. Phelps, Fred A. Kanska, and Edward A. Phelps for breach of warranty. Judgment for defendants. Plaintiffs bring error. Reversed.

*A. J. Waters,* for appellants.

*Arthur Brown* and *M. J. Cavanaugh,* for appellees.

HOOKER, J. This action was begun before a justice of the peace. The declaration, though oral, was as entered, a formal one of three counts, all setting up a promise by

the defendants to furnish and erect in plaintiffs' dwelling a hot-air wood furnace, and warranting that the same should, in all conditions of weather, properly heat said dwelling; that upon the completion of said heating plant, plaintiffs paid to said defendants therefor $239.06; that said furnace was inadequate to, and never did, heat said house in many conditions of weather. Two of the counts alleged damages by reason of the breach of the contract. The other stated that, after ascertaining that said furnace did not and could not be made to heat the house, the plaintiffs notified the defendants that the furnace was at their disposal, and demanded the repayment of the purchase price thereof, but defendants have refused to repay the same. The common counts were added to the special counts. On appeal in the circuit a judgment was rendered for the defendants and the plaintiffs have appealed.

**Rescission.** The case appears to have been tried upon the theory that plaintiffs were entitled to damages for the alleged breach of warranty, which is inconsistent with the count based on a rescission, and that count and such assignments as are based on the theory of rescission may be disregarded.

**The Warranty.** The plaintiffs introduced testimony tending to support the warranty alleged, and there was testimony that the promise was that the furnace should heat the house to the satisfaction of the plaintiffs, and their counsel asked the court to charge that, if the jury found that such was the agreement, and that the plaintiffs were not satisfied, their verdict should be for the plaintiffs. The warranty alleged in the declaration has been stated and did not justify the introduction of this testimony or request.

**Direction of Verdict.** It is contended that the verdict was contrary to the evidence, and that for that reason the judgment should be reversed. If by this, counsel mean that the court should have directed a verdict for the plaintiffs, we are constrained to say that there was a conflict in the testimony both as to the warranty and the

alleged breach, and therefore the direction of a verdict would have been error, as they were questions for the jury. If we are expected to review the evidence, we must say that we can only do that upon an exception taken to the ruling upon a motion for new trial, and none appears to have been made.

**Damages.** Several of the questions relate to the damages recoverable, but, as the verdict was for defendants, the plaintiffs have not suffered from them.

**Other Furnaces.** The defendants offered and the court allowed the introduction of testimony tending to show that they had erected other heating plants with the same kind of furnaces, and that they had all been efficient, and some had satisfactorily heated houses of equal size with wood fuel. This was against plaintiffs' protest. It was plaintiffs' claim in this case that the furnace was better adapted to coal than wood and would not heat the house with wood, which is what it was agreed that they should burn, citing *Avery* v. *Burrall*, 118 Mich. 672 (77 N. W. 272). We are of the opinion that the testimony was not admissible. The case of *Second Nat. Bank* v. *Wheeler*, 75 Mich. 549 (42 N. W. 963), states the rule which should have been applied. See, also, *D. M. Osborne & Co.* v. *Bell*, 62 Mich. 214 (28 N. W. 841); *McCormick Harvesting Machine Co.* v. *Cochran*, 64 Mich. 636 (31 N. W. 561); *Altman* v. *Fowler*, 70 Mich. 57 (37 N. W. 708); *Wickes Bros.* v. *Electric Light Co.*, 70 Mich. 322 (38 N. W. 299). The case of *Avery* v. *Burrall, supra*, was considered properly distinguishable from the above cases; the present case is not; and that case was not intended to abrogate the general rule as hitherto applied.

We have endeavored to examine all questions raised, but think it unnecessary to discuss all. Several requests are covered by the charge.

The judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.