## SHARPLES SEPARATOR CO. v. SKINNER.

(Circuit Court of Appeals, Ninth Circuit.   May 6, 1918.)

No. 2978.

1. APPEAL AND ERROR ⬅237(5)—REVIEW—SCOPE.

The federal court will not re-examine any fact tried by a jury, otherwise than according to the rules of the common law, and where plaintiff in error at the close of the testimony made no motion for a directed verdict, on the ground of the insufficiency of the evidence, only rulings of the trial court in excluding or admitting evidence, and in giving or refusing instructions, can be reviewed.

2. SALES ⬅440(1)—ACTS OF AGENT—EVIDENCE—ADMISSIBILITY.

Where defendant's sales agent testified that he sent an agent to plaintiff to overcome plaintiff's difficulty with a milking machine bought from defendant, evidence as to the acts of such agent sent to plaintiff, as well as an agreement made by him, was admissible in action for breach of warranty of the machine.

3. EVIDENCE ⬅123(3)—RES GESTÆ—ACTS OF AGENT.

A report of an agent of defendant, which sold a milking machine, concerning the possibility of loss resulting from plaintiff's continued use of the machine, held, admissible as part of the res gestæ in an action by plaintiff based on a warranty.

4. APPEAL AND ERROR ⬅1051(1)—REVIEW—HARMLESS ERROR.

The admission of testimony is harmless, if erroneous, where the fact elicited was established by other competent evidence.

5. SALES ⬅440(2)—ACTIONS FOR BREACH—EVIDENCE.

Where the guaranty under which defendant sold a milking machine recited that it was in all respects as represented in defendant's printed matter, a pamphlet issued by defendant and delivered to plaintiff pending negotiations is admissible in an action for breach of the warranty.

6. APPEAL AND ERROR ⬅204(4)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW.

The objection that certain pamphlets offered in evidence by plaintiff were not the identical ones handed him is not available in the appellate court, where not raised below.

7. SALES ⬅440(2)—ACTIONS FOR BREACH—WARRANTIES.

Where the seller of a milking machine guaranteed the truth of certain pamphlets, and one of those pamphlets asserted that it had enough experts to see that dairymen kept their machines in order, a purchaser, in an action for breach of warranty, may testify that the seller was to send a demonstrator once a month to see that everything was working right.

8. EVIDENCE ⬅145—ADMISSIBILITY—REMOTENESS.

Where the state dairy inspector testified plaintiff's dairy was sanitary, testimony that milk from the valley in which plaintiff carried on his business was excluded from a market as unsanitary held inadmissible to show the unsanitary condition of plaintiff's dairy, which defendant asserted caused injuries to his cows, instead of the milking machine, as claimed by plaintiff.

9. EVIDENCE ⬅130—COMPARISONS—RES INTER ALIOS ACTA.

In an action for breach of warranty of a milking machine, which plaintiff asserted injured his cows, evidence as to the condition of cows on which machines were used in other parts of the country held inadmissible as res inter alios acta.

10. APPEAL AND ERROR ⬅1056(1)—REVIEW—HARMLESS ERROR.

In an action for injuries to plaintiff's cows, on which a milking machine purchased from defendant had been used, the exclusion of evidence as to

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the results of the use of milking machines in other dairies, etc., *held* not reversible error.

11. APPEAL AND ERROR ⊕—231(6)—OBJECTIONS—SUFFICIENCY.

The propriety of a hypothetical question, objected to on the ground that it·assumed the existence of conditions not shown· by the evidence, cannot be reviewed, where the objection did not point out any matter which was not pertinent to the case.

12. APPEAL AND ERROR ⊕—1048(5)—REVIEW—HARMLESS ERROR.

Where the answer was not unfavorable to it, defendant cannot complain in the appellate court of the allowance of a hypothetical question.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by W. W. Skinner against the Sharples Separator Company, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error brought an·action against the plaintiff in error to recover damages for breach of warranty. The plaintiff therein alleged that he was the owner of a herd of dairy cows; that on January 3, 1914, the defendant sold and delivered to him a certain mechanical milker, and warranted the same to be in all respects fit and proper for use in'milking the plaintiff's cows, and that the use thereof would not in any way injure said cows, or decrease the amount of milk they would give, if the same were operated in accordance with the defendant's instructions; that the plaintiff had no knowledge regarding said mechanical milker, other than said representations and warranties of the defendant, and believed the same, and relied thereon, and made the purchase solely by reason thereof; that on February 5, 1914, the defendant installed said mechanical milker for plaintiff, and declared that plaintiff could thereafter safely use and operate·the same for milking his cows; that plaintiff did use said mechanical milker in strict conformity with the defendant's instructions, but the same was not fit for such use, and bruised and injured the teats and udders of many of the plaintiff's cows, and greatly lessened the amount of milk given by all thereof; that as soon as the plaintiff discovered these facts he discontinued the use of said milker. The plaintiff further alleged that on two subsequent trials of said milker, made at the special instance of the defendant and upon the renewal of the defendant's former representations and warranties, and conducted solely by .the defendant itself, the use thereof greatly injured said cows, and permanently ruined many of them. The plaintiff demanded judgment for the sum of $4,512. The jury returned a verdict for the plaintiff in the sum of $3,763.92, and judgment was rendered in accordance therewith.

Willard P. Smith, of San Francisco, Cal., Bicksler, Smith & Parke, of Los Angeles, Cal., and J. J. Dunne, of San Francisco, Cal., for plaintiff in error.

Phil D. Swing, of El Centro, Cal., and M. A. Thomas, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] A large portion of the very numerous assignments of error, as well as a large portion of the defendant's voluminous brief, is devoted to discussion of the evidence, under the contention that the same was insufficient to justify the verdict of the jury, and that the verdict was contrary to the court's instructions, thus disregarding the rule that an

⊕—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

appellate federal court is prohibited from re-examining any fact tried by a jury otherwise than according to the rules of the common law, and has power to review only the rulings of the trial court. The defendant at the close of the testimony having made no motion for an instructed verdict, on the ground of the insufficiency of the evidence to sustain a verdict against it, we are precluded from considering any questions other than the rulings of the trial court in excluding or admitting evidence, and in giving or refusing instructions to the jury.

[2] Error is assigned to the admission in evidence of acts of one Briggs, who was in the employment of the defendant. It is urged that such evidence was inadmissible to bind the defendant, for the reason that Briggs was not shown to be the defendant's agent. The testimony related to the third attempt to use the milking machine, in October, 1914. The complaint had alleged that the third attempt was made in pursuance of the defendant's own request, and that it was carried on under the defendant's sole care and control. This the answer denied. The proof was that Briggs, who was in the employment of the defendant, came to the plaintiff, and that he and Reed, who was also an employé of the defendant, made the arrangements for the last trial of the machine. The defendant took the deposition of one Frank, its sales manager, whose duties were to conduct the sales work and look after the business generally. He testified that Briggs was in the employment of the defendant, and that he sent Briggs to the plaintiff in October, 1914, to see if he could not overcome the plaintiff's difficulty, and that Briggs had instructions to follow out his usual custom or practice in attempting to satisfy customers, or to correct faulty installation and straighten out trouble. This was sufficient, prima facie, to show that Briggs was the agent of the defendant, and was acting under its instructions. If such was not the fact, the defendant had ample opportunity to disprove it. It was not error, therefore, to admit evidence of Briggs' acts, or of the written agreement which was made between the plaintiff and the defendant, by Briggs, as its agent. The provision therein that the defendant would pay the plaintiff "for any damage done to his cows by the use of the machine while in the hands of their operator" went no further than to express the liability that the law imposed upon the defendant in the absence of such an agreement.

[3, 4] Errors are assigned to the admission of testimony as to acts of Reed. It is undisputed that Reed, claiming to represent the defendant, came to the plaintiff's dairy and installed the machine. He testified that he was in the employment of the defendant, and there was no evidence to the contrary. At the conclusion of the last trial of the machine Reed telegraphed to the defendant, stating that the effort had been a failure, that to continue the use of the machine would be taking too big a risk, and that to quit would be the safest way, "or we will have too big a loss according to our agreement." The fact of the failure of the third trial was amply proven by other witnesses, and there was nothing harmful to the defendant in the telegram, unless it be the intimation that the machine might injure the cows. But, Reed having been sent as the agent of the company to demonstrate the machine, it

was not without the scope of his authority to report, as he did, at the conclusion of his operations, and the report was admissible as of the res gestae. La Abra Silver Mining Co. v. United States, 175 U. S. 423, 498, 20 Sup. Ct. 168, 44 L. Ed. 223.

[5] Error is assigned to the admission in evidence of certain printed pamphlets issued by the defendant, copies of which were delivered to the plaintiff pending the negotiations culminating in the sale of the milker. The guaranty under which the machine was sold contained this clause:

"The company further guarantees this machine to be in all respects as represented in its printed matter, and to be capable of doing the work as claimed therein."

The portions of the pamphlets so admitted in evidence were descriptions of the method in which the machine worked, and representations as to its efficiency and its safety. Under the terms of the guaranty they were made a part of the defendant's undertaking, and were clearly admissible in evidence.

[6] The objection now urged, that they were not all identified as the identical pamphlets which were handed to the plaintiff, cannot avail the defendant, for it was not presented as an objection in the court below.

[7] There is no merit in the contention that the court below erred in refusing to strike out the testimony of the plaintiff that the defendant was to send a demonstrator once a month, to go through the plaintiff's herd and see if everything was working all right. It appeared that the plaintiff was warranted in making the statement, for in one of the printed pamphlets is the following:

"We keep enough experts out on the territory to see that all dairymen do keep their machines in good order."

[8] One of the defenses relied upon by the defendant was that the plaintiff's dairy was unsanitary, and that the injury to his cows was caused thereby, and not by the use of the machine. On the cross-examination of Nye, who had been state dairy inspector, and who testified that the plaintiff's dairy was in a sanitary condition in the fall of 1914, he was asked whether or not the dairy conditions in the Imperial Valley, in which the plaintiff's ranch is situated, were such in 1914 that milk and dairy products therefrom were not permitted to be shipped into Los Angeles for consumption. There was no error in excluding the testimony. The Imperial Valley is large, and has space for many dairies. The reason for the exclusion of milk and dairy products from the Valley was not suggested, and, even if it had been shown that they were excluded for sanitary reasons, it would be no probative evidence against the plaintiff's dairy.

[9, 10] It is contended that the trial court erred in not permitting Dr. Hart, a veterinarian, to testify as to what he observed in the condition of the udders of cows at a dairy in Westchester, Pa., where a similar machine was in use, and in not permitting Kelly, a dairyman, to testify as to his successful use of a machine of the same kind at San Leandro, Cal. The objection to Hart's testimony was that "no

foundation has been laid," and to Kelly's testimony that the offer of evidence did not include any offer to show that the conditions under which the machine was operated were similar or identical with those under which the machine of the plaintiff was operated. The evidence so offered was res inter alios acta, and many cases hold that such evidence by comparison is inadmissible to prove the efficiency of a machine which is involved in controversy. Osborne & Co. v. Simmerson, 73 Iowa, 509, 35 N. W. 615; Murray v. Brooks, 41 Iowa, 45; Byrne v. Elfreth, 41 Pa. Super. Ct. 572; Osborne & Co. v. Bell, 62 Mich. 214, 28 N. W. 841; Second National Bank v. Wheeler, 75 Mich. 546, 42 N. W. 963; Watkins v. Phelps, 165 Mich. 180, 130 N. W. 618; Fox v. Harvester Works, 83 Cal. 333, 23 Pac. 295; Illinois Surety Co. v. Frankfort Heating Co., 178 Ind. 208, 97 N. E. 158. And several courts have rejected such evidence for the reason that by its introduction collateral matters are brought in which tend to complicate the case, confuse the jury, and surprise the defendant. Watson v. Bigelow Co., 77 Conn. 124, 58 Atl. 741; Brummett v. Nemo Heater Co., 177 Mass. 480, 59 N. E. 58.

That reason applies with unusual force to the present case, for the testimony sought to be introduced related to a dairy in Pennsylvania, and to a dairy in San Leandro, more than 600 miles distant from the plaintiff's dairy. But in all cases where such testimony is admitted its value is held to depend upon the identity of the conditions under which similar machines have been used. Paulson v. D. M. Osborne & Co., 35 Minn. 90, 27 N. W. 203; White Automobile Co. v. Dorsey, 119 Md. 251, 263, 86 Atl. 617; Fountaine v. Wampanoag Mills, 189 Mass. 498, 75 N. E. 738; Ward v. Blake Mfg. Co., 56 Fed. 437, 5 C. C. A. 538; City of Findlay v. Pertz, 74 Fed. 681, 20 C. C. A. 662. In the case last cited the court held that the admission of such evidence was not error, saying:

"Evidence that the same machine upon other wells did work automatically was a circumstance, important or unimportant, as might appear from other evidence that the conditions were similar or dissimilar."

In other words, it was the opinion of the court that, in the absence of proof that the conditions were similar, such testimony was unimportant. In the present case there was no proof, or offer of proof, that the machines used in Pennsylvania and at San Leandro were used under conditions similar to those under which the plaintiff's machine was used, or that they were used in accordance with the defendant's printed instructions, or were operated under the conditions of the defendant's guaranty. In view of the absence of such proof, and in view of the remoteness of the places as to which the witnesses were interrogated, we are not convinced that the court below committed reversible error in excluding the testimony. It is to be added that the court admitted the evidence of two of the defendant's witnesses, who testified to the successful use of the machine in dairies at Corcoran, Cal., and Phœnix, Ariz., and the plaintiff was allowed to show by the testimony of two dairymen and two veterinary surgeons of the Imperial Valley that the use of the machine in the dairies of the valley produced

the same injury to cows which was testified to by the plaintiff as resulting from his use of the machine.

[11, 12] On the cross-examination of Hart, who was called as expert witness for the defendant, he was asked a long hypothetical question, which covers three printed pages of the record. It is contended that the court below erred in permitting him to answer it; the objection being that the question assumed the existence of conditions not shown by the evidence. There are two reasons why the court's ruling should not be held to be error: First, the objection made to the question did not point out any matter therein which was not pertinent to the case, or which was not shown to be true; second, the answer of the witness was not unfavorable to the defendant.

Several assignments of error are directed to the instructions to the jury. None of the questions so raised are of sufficient importance to require discussion. We find no error in any of them.

The judgment is affirmed.