McNAMARA v. E. W. ROSS CO.

1. SALES—BREACH OF WARRANTY—EVIDENCE—ADMISSIBILITY.

In an action for breach of warranty in the sale of a silo guaranteed to be as represented in defendant's catalogue, without restriction to any particular year, in view of the fact that defendant's agent gave plaintiff the catalogues for three years to take home and examine at his leisure, there was no error in admitting them in evidence over defendant's objection that only the one for the year in which the sale was made was admissible.

2. SAME—EVIDENCE—ORAL TESTIMONY—APPEAL AND ERROR.

Testimony as to statements of warranty made to plaintiff by defendant's agent, although objectionable, held, not prejudicial, in view of the fact that they were but repetitions of those contained in the catalogue, which were admissible because made a part of the contract.

3. SAME—TRIAL—INSTRUCTIONS—APPEAL AND ERROR.

An instruction to the jury on the question of warranty, although it might be objectionable standing alone, held, not erroneous when read in connection with the preceding paragraph.

4. SAME—EVIDENCE—ADMISSIBILITY.

On the issue as to whether the silo was rust proof, evidence that other silos of the same material, shipped at the same time, and erected in the same neighborhood had rusted, held, admissible.

5. APPEAL AND ERROR—OBJECTION TO RULING OF COURT.

Complaint by defendant in this court that testimony by defendant's agent as to his authority under his contract with defendant was rejected on plaintiff's objection that it was a subject-matter not covered by the cross-examination of said witness who had been called by plaintiff for cross-examination under the statute, is without merit, where it appears that the further objection, which amply supports the ruling of the court, was made, that the contract itself was the best evidence of his authority.

Error to Gratiot; Moinet (Edward J.), J. Submitted October 3, 1923. (Docket No. 12.) Decided December 19, 1923.

Assumpsit by Cornelius McNamara against the E. W. Ross Company for breach of warranty in the sale of a silo. Judgment for plaintiff. Defendant brings error. Affirmed.

*Mathews & Montigel,* for appellant.

*Charles H. Goggin* and *George P. Stone,* for appellee.

Bird, J. The declaration in this case counts on a breach of warranty on the sale of a metal silo. Plaintiff, the purchaser, had judgment in the sum of $250, and defendant assigns error. The contract was made in March, 1917, and was in the following form:

"Ross Silo contract and order:

"The E. W. Ross Co., Springfield, Ohio.

"I hereby give you my order to be shipped on or about March or April.

"Shipping Station, Alma, Michigan.

"1 Ross silo 12x30.    Staves are to be .... pieces.

"Kind of material, metal.    Anchor rods with cable.

"Hyde to furnish man one day free, balance at actual cost.

"I agree to pay for above $342 in the following manner:

"Terms: One third Nov. 1st, balance one year with interest from Oct. 1st, 1917.    Discount is Hyde's (mine).

"F. O. B. factory at Springfield, Ohio, with car load rate of freight allowed only.

"If this silo is shipped in March or April, an extra discount of 5% will be allowed.

"If this silo is shipped in May an extra discount of 4% will be allowed.

"If this silo is shipped in June an extra discount of 3% will be allowed.

"For the purpose of obtaining credit I give as reference.

"I understand and agree to all of the conditions on the other side.

"Signed in Duplicate.

         "Neil McNamara,

         "Post Office, Alma, Michigan.

"As agent I agree to the above conditions.

             "Agent.

             "Salesman, R. M. Hyde.

        "Read other side."

On the reverse side of the order were several provisions. The following are the important ones:

"(3) The E. W. Ross Co. guarantee the silo to be as represented in their catalogue.

"(7) That I will report all shortages or complaints direct to the home office at Springfield.

"(8) That the above is the agreement and no verbal understanding is to be considered.

"(9) That I have read order carefully and it is complete as I understand it."

It was the claim of plaintiff that the silo rusted badly, both outside and inside, and was not rust proof; that it was not tight enough to preserve the ensilage, and a large amount of it spoiled; that the silo was affected by the acids which came from the ensilage and that the silo was not storm proof, the wind having bent a portion of it inwards. All being in contradiction of the warranties contained ·in the contract.

Defendant complains because the court admitted oral testimony of conversations and trade talk between defendant's agent, Hyde, and the plaintiff, which were had prior to the making of the contract, and further that defendant's catalogues for other years than 1917 were admitted in evidence to show what the warranty was. Counsel contend that no catalogue, except the 1917 catalogue, was admissible, and that the court was in error in admitting defendant's catalogues for the years 1915 and 1916. Complaint is also made that

the court erred in his charge to the jury as to these conversations, trade talk and catalogue.

1. It will be noted that the contract provides that:

"The E. W. Ross Co. guarantee the silo to be as represented in their catalogue."

There appears to be no restriction to the year 1917 except by inference from the fact that the silo was sold in the year 1917. The proofs showed that the agent, Hyde, gave plaintiff the catalogues for 1915, 1916 and 1917, together with several lithographs of silos, and requested him to take them home and examine them at his leisure. In view of this, we think no error was committed in admitting them in evidence, especially since the president of the defendant afterwards testified that the guarantees were the same on the galvanized silo, which was sold in 1915 and 1916, as they were on the enameled silo, which plaintiff purchased.

Plaintiff testified to statements of warranty made by the agent, Hyde. There were also some conversations and trade talk which were testified to by the plaintiff, but these were subsequently stricken from the case. Statements of warranty made by Hyde were probably objectionable, but it does not appear that he stated anything which was not contained in the catalogues. The statements of warranty in the catalogues were made, by reference, a part of the contract, and, as such, were admissible, and could have been properly read to the jury. The fact that plaintiff stated conversations with Hyde, which included these statements of warranty in the catalogue, could have resulted in no harm to the defendant, as the jury were entitled to know what they were.

In this connection the court charged the jury, as follows:

"So you are called upon to determine just what catalogues were in existence at the time they made

this contract, as bearing upon the question as to what the contract is.     It would be very easy for you to determine what the contract was if it was all entered upon this order.     So that you must first find what was the contract made between these people.

"Now, in passing upon that, as I stated, you must take into consideration all the facts and circumstances in the case.     What did these parties have in mind? What was one undertaking to sell, and what did the other desire to purchase?     What did they understand?     What did the plaintiff understand?     He stated he took this matter home, these catalogues and literature, lithographs, whatever they were, and read them over.     What did those lithographs and literature in these catalogues say regarding this silo? Which one was used?"

If the second paragraph of this instruction stood alone, there would be much doubt about it, but when we read what precedes it, it is clear that the court has reference to the catalogues and not to other conversations or trade talk.     We are impressed that no error was committed in this respect.

2. Exception is taken to the action of the court in admitting evidence as to the condition of other silos. Plaintiff was permitted to show that other silos of the same material shipped with his, and erected in his neighborhood, had rusted.     The proofs showed that the other silos were of like material.     Upon the issue whether the silo was rust proof, evidence was received as to the condition of the other silos.     We do not think this was error, inasmuch as the other silos were shown to be of the same material, and existing under like conditions.     The character of the issue as to whether the silo was rust proof, we think, makes it clearly distinguishable from the case of *Second National Bank* v. *Wheeler*, 75 Mich. 546, cited by defendant.     It is more like the case of *Avery* v. *Burrall*, 118 Mich. 672.     If the other silos were of the same material, and they rusted, it would certainly be some

evidence that the one in question would, and did, rust, as claimed by plaintiff.

3. Plaintiff called defendant's agent Hyde, who sold him the silo, for cross-examination.    At the close defendant's counsel examined him with reference to his contract with defendant, and what authority it gave him.    This testimony was objected to, as follows:

"*Mr. Goggin:* I object to that as being incompetent, irrelevant and immaterial, and not having been covered by the plaintiff's cross-examination, and the contract itself is the best evidence of its contents."

Now counsel complain because the court rejected the evidence, on the ground that it was a subject-matter not covered by the cross-examination of plaintiff.    Counsel overlook the fact that other objections were made.    The objection that the contract itself was the best evidence of Hyde's authority was a good objection, and amply supports the ruling made by the court.

We have examined the other assignments, but think they are not well taken.    The case appears to have been well and vigorously tried by both parties, and the verdict does not appear to be excessive.    If the silo were in the condition which the overwhelming weight of the testimony showed it to be, plaintiff is entitled to all that the jury awarded him.

The judgment is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.