STONE v GOODYEAR TIRE & RUBBER COMPANY

EVIDENCE—ADMISSIBILITY—SIMILAR PRODUCTS—APPEAL AND ERROR.
  Refusal to admit testimony about a tire, similar to the one which
  caused injury to a plaintiff, was not reversible error where the
  refusal was not inconsistent with substantial justice and the
  impact of the admission of the testimony would have been
  minimal (GCR 1963, 529.1).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 June 5, 1974, at Detroit. (Docket No. 16393.) Decided November 6, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Finis Stone and Edith Marie Stone against Goodyear Tire & Rubber Company for damages for injuries sustained when a tire exploded. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Marston, Sachs, O'Connell, Nunn & Freid, P. C.* (by *Barry P. Waldman),* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy,* for Defendant.

Before: BRONSON, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. It is uncontroverted that

REFERENCES FOR POINTS IN HEADNOTE
63 Am Jur 2d, Products Liability § 87.
Liability of manufacturer or seller for injury caused by automobile or other vehicle, aircraft, boat, or their parts, supplies, and equipment. 78 ALR2d 460.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiff Finis Stone was severely injured when a tire manufactured by defendant tire company exploded while Stone was attempting to mount the tire on a rim. Stone purchased the tire in question from an undisclosed customer of the service station at which Stone worked. At the time of Stone's purchase of the tire it had an estimated 3,000 to 5,000 miles of use. On the day prior to the accident Stone mounted the subject tire on his rim and placed it in his automobile as a spare. On the day of the accident one of the tires on his automobile went flat and plaintiff placed the tire in question on his automobile. The subject tire also went flat after about a block and a half of driving. Stone removed the tire for the purpose of repair and then, as he was attempting to remount the tire on the rim by means of a Coats 10-10 tire changer, it exploded causing substantial injuries to plaintiff.

It is further uncontroverted that the tire exploded when the bead wires gave way while the tire was being filled with air during the mounting operation. The sole question at trial was whether the bead failure was attributable to a defect caused by defendant company's manufacturing process. Plaintiffs' expert opined that four layers of the five layer bead bundle were broken on the vulcanizing machine at defendant's plant and that defect lay hidden until the fifth bundle broke during the mounting by plaintiff. Plaintiffs' expert was of the opinion, based upon his examination of the tire, that the bead break was not a result of any prior mismounting or damage in use although the prior history of the tire was unknown. This expert admitted his theory of causation was based upon his empirical study rather than experimental data obtained from the actual use of a vulcanizer, and the chances of such a defect being caused in

this manner would be in the order of one in a million.

Defendant's two experts, on the other hand, opined that it was impossible to develop the amount of force necessary to break the tire bead wires in the vulcanizer. Both of defendant's experts testified that they had never seen or heard of broken bead wires resulting from the use of the vulcanizer. Both of these witnesses were of the opinion that this bead failure was the result of the bead hanging up on the rim during the mounting of the tire on the rim and that a tire with a bead break such as theorized by plaintiffs' expert would not survive the 3,000 to 5,000 mile use this tire had undergone before one of the plaintiffs purchased it.

Upon these proofs the jury returned a verdict of no cause of action. Plaintiffs moved for a new trial, which was denied and now appeals as of right.

The sole issue raised by plaintiffs in this appeal is whether the trial court erred reversibly in refusing to allow plaintiffs to offer evidence with respect to a new Goodyear tire with a broken bead which plaintiffs' expert allegedly observed in a tire store. The trial court refused to permit plaintiff's expert to testify as to this other tire.

Plaintiffs' counsel made an oral offer of proof with respect to what he intended to prove concerning this other tire. Counsel indicated that plaintiffs' expert would testify that he saw a Goodyear tire in a Goodyear dealership with a broken tire bead. Counsel further indicated that the employees of the tire store would testify that the tire had not been mounted and that plaintiffs' expert would testify that it appeared that the tire had not been mounted. Although defense counsel strenuously objected to plaintiffs' counsel's characterization of

what the testimony of the store employees would be, the trial court assumed that the offer of proof was accurate and, nevertheless, ruled that the evidence was inadmissible because it had no relevancy or probative value, since it would require the jury to weigh the plaintiffs' expert's testimony as to his theory of causation and his belief that the tire had not been mounted against defendant's experts' testimony that if such defect existed the tire must have been mounted or otherwise physically damaged because the vulcanizer could not cause a bead break. The trial court thus premised his ruling on the conclusion that at best it would be cumulative and at worst it would introduce an entirely separate conflict between the opinions of the opposing experts which the jury would have to decide.

While there is ample authority holding that evidence as to the nature of similar products is not admissible,[1] there is also ample authority holding that such evidence is admissible under certain circumstances.[2] This same dichotomy is also reflected in the cases arising in other jurisdictions.[3] It will suffice to say that there is some authority supporting the trial court's ruling that evidence of the sort we have here would be collateral and thus properly kept out.[4]

---

[1] *D M Osborne & Co v Bell,* 62 Mich 214; 28 NW 841 (1886); *McCormick Harvesting Machine Co v Cochran,* 64 Mich 636; 31 NW 561 (1887); *Second National Bank v Wheeler,* 75 Mich 546; 42 NW 963 (1889); *Watkins v Phelps,* 165 Mich 180; 130 NW 618 (1911); *Royal Mink Ranch v Ralston Purina Co,* 18 Mich App 695; 172 NW2d 43 (1969).

[2] *Avery v Burrall,* 118 Mich 672; 77 NW 272 (1898); *Waterman-Waterbury Co v School District No. 2,* 182 Mich 498; 148 NW 673 (1914); *Budd v Ann Arbor R Co,* 200 Mich 250; 166 NW 927 (1918); *McNamara v E W Ross Co,* 225 Mich 335; 196 NW 336 (1923); *Savage v Peterson Distributing Co,* 379 Mich 197; 150 NW2d 804 (1967).

[3] See generally 42 ALR3d 780.

[4] *Post v Manitowoc Engineering Corp,* 88 NJ 199; 211 A2d 386 (1965).

We do not feel it is necessary to attempt to determine where the fine line between what is admissible evidence and what is inadmissible evidence is to be drawn, or on which side of that line this evidence falls. Even if we assume *arguendo* that the evidence was admissible, we do not find that the trial court's error in denying its admission constituted error of such proportions that plaintiffs were denied substantial justice.

While the fact that the testimony as to the other tire required the resolution of the same conflict between the experts' opinions as the tire which exploded might not render such testimony inadmissible, that fact certainly must be considered with respect to whether the error in denying its admission was such that reversal is mandated. In the final analysis, even had the plaintiffs' proofs with respect to this other tire comported exactly with their offer of proof, the question with respect to this other tire would have ultimately required the jury to resolve the same question of the relative persuasiveness of plaintiffs' expert versus defendant's experts.[5] In both instances the resolution of that question ultimately rested upon whether the jury believed plaintiffs' expert's testimony that there was no evidence of mismounting of either tire. Since the impact of the admission of the testimony with respect to this other tire would appear to have been minimal, we hold that the error in refusing to allow such testimony was not inconsistent with substantial justice; and, thus, reversal for a new trial is not warranted. GCR 1963, 529.1.

Affirmed. Costs to the defendants.

All concurred.

---

[5] We think the better practice in a situation such as we have here would have been to make a separate record of the testimony of the witnesses having testimony with respect to the offer of proof.